OPINION
{¶ 1} Defendant-appellant, Rico L. Darks, appeals from judgments of the Franklin County Court of Common Pleas finding him guilty of various crimes and imposing consecutive sentences. Because defendant knowingly and voluntarily pled guilty, the trial court properly accepted and entered defendant's pleas. Further, because defendant waived his objection regarding sentencing and cannot demonstrate plain error, we affirm.
 {¶ 2} In three separate cases, defendant was indicted for multiple crimes. He eventually pled guilty to one count of attempted murder with a gun specification, one count of first-degree misdemeanor cocaine possession, and one count of second-degree felony cocaine possession. The trial court sentenced defendant to six months for the misdemeanor cocaine possession, eight years, plus three years, for the attempted murder and the gun specification, and six years for the second-degree felony cocaine possession. The trial court ordered defendant to serve the six-year sentence on the conviction for cocaine possession consecutively to the 11 years imposed on the attempted murder conviction. Defendant appeals, assigning the following errors:
1. The trial court erred in accepting a plea of guilty to attempted murder when the criminal defendant asserted his innocence of the charge.
2. The trial court erred in failing to set aside the guilty plea to attempted murder when the criminal defendant continued to assert his innocence up to and beyond the time of sentencing.
3. The trial court erred in giving consecutive sentences in Case No. 04CR03-1481 and 05CR05-2912.
 {¶ 3} Defendant's first and second assignments of error challenge the trial court's plea proceedings. Defendant contends the trial court should not have accepted his guilty plea to attempted murder, and, having accepted the plea, should have set it aside because of defendant's professed lack of wrongdoing.
 {¶ 4} On June 21, 2005, the trial court conducted plea proceedings pursuant to a plea agreement between defendant and the prosecution. After the trial court discussed the guilty pleas with defendant, the state recited the facts giving rise to the charges. The trial court advised defendant regarding each charge involved in the plea, including the maximum penalty and the attendant possibilities. The trial court then discussed with defendant the various rights defendant was waiving by pleading guilty. Defendant appeared to understand and to knowingly and intelligently waive those rights. The trial court accepted defendant's pleas, ordered a presentence investigation ("PSI"), and set sentencing for August 15, 2005.
 {¶ 5} After the plea hearing but prior to sentencing, defendant wrote a letter to the trial court. In it, defendant claimed he did not attempt to murder the victim but accepted the state's plea agreement because he was eager to get his cases settled. Defendant's letter asserted he was prepared to go to trial, but his attorney advised him to plead guilty because defendant faced multiple charges. Consistent with his letter, defendant stated in the section of the PSI entitled "offender's version" that he did not commit the attempted murder; rather, he was offered a deal and took it. Defendant told the PSI author he entered Alford pleas.
 {¶ 6} At the sentencing hearing, the trial court asked defendant's counsel about defendant's statement in the PSI denying guilt and inquired: "Did we do an Alford plea? I didn't think we did." (Aug. 15, 2005 Tr. 13.) Counsel replied, "I believe there was some objection from the State of Ohio to it being called an Alford plea. So in order to get the deal done, we entered a guilty plea." Id. The prosecution advised that anAlford plea was part of the discussion with a previous assistant prosecutor, "but I don't recall any discussion of an Alford plea." Id. at 14. The trial court replied: "There was a discussion, but not only was the State upset about it, I was, too, so, not upset but I didn't think it was an appropriate way to deal with the matter. If he really wants to go to trial, we can consolidate it." Id. Thereafter, defendant stated he was "willing to stand up like a man and take responsibility. I didn't do it [the shooting], but I was in a situation. I did what I had to do, so I took the plea." Id. at 15.
 {¶ 7} In the first assignment of error, defendant contends the trial court erred in accepting his guilty plea to attempted murder after he asserted his innocence to the charge. Defendant contends that, because he denied his guilt, the plea was not voluntary or valid, as it was not made pursuant to NorthCarolina v. Alford (1970), 400 U.S. 25.
 {¶ 8} Defendant relies on the following statement to support his contention that he asserted his innocence prior to entering his guilty plea: "First, I want to say the prosecutor, someone indicted, some people enhanced my case, so I have no choice but to take —." (June 21, 2005 Tr. 10.) Defendant's statement that he had no choice but to take the plea does not assert his innocence to the charge of attempted murder; instead, it is simply defendant's characterization of the alternatives that existed to resolve his cases. Neither defendant nor his counsel asserted defendant's innocence at the time he entered his plea. Moreover, after defendant stated he had no choice, the trial court addressed defendant's stated concern, explaining, "[u]nderstand, you have all the choices in the world when you are in my courtroom. If you want to go to trial, we can arrange for you to go to trial, okay. If you are saying I didn't do this stuff, I want to go to trial, we can do that." Id. Defendant replied, "I understand. I'll just go ahead, take the deal issued." Id. Absent an assertion of innocence, the trial court did not err when it accepted defendant's guilty pleas, provided the trial court complied with Crim.R. 11.
 {¶ 9} Crim.R. 11 sets forth the procedure a trial court must follow when accepting a guilty plea. Crim.R. 11(C)(2) provides that a trial court may accept a guilty plea after (1) determining that the defendant is making the plea voluntarily, understanding the maximum penalty involved and potential ineligibility for parole or community control sanctions; (2) informing the defendant of the effect of the guilty plea, including the trial court's ability, upon acceptance of the plea, to proceed with sentencing; and (3) informing the defendant of his rights and determining that defendant understands the nature of the rights the defendant is waiving, including the right to a jury trial, the right to confront witnesses against him, the right to have compulsory process for obtaining witnesses, the right to require the state to prove the defendant's guilt beyond a reasonable doubt, and the right against self-incrimination had the case gone to trial.
 {¶ 10} Here, the trial court complied with Crim.R. 11 and determined that defendant entered his guilty pleas voluntarily, with an understanding of the nature of the charges against him, the maximum penalties involved, and the rights he was waiving by pleading guilty. Specifically, after describing the nature of the charges against defendant and the potential penalties involved, the trial court asked: "Knowing all of the potential penalties here do you still desire to enter a guilty plea on these three cases?" (June 21, 2005 Tr. 9.) Defendant replied: "Yes, sir." Id. The trial court then went through each specific right defendant was waiving by pleading guilty; defendant stated he understood those rights. Id. at 10-13. The trial court inquired: "Knowing all of these rights, do you wish to waive all of these rights in these three cases and enter a guilty plea * * * ?" Id. at 13. Defendant replied: "Yes, I understand. I'm willing to do that." Id. The court then asked: "No one is forcing or coercing you into doing this?" Id. Defendant replied: "No." Id. Defendant stated he pled guilty of his own volition, act and deed. Id.
 {¶ 11} Defendant also signed plea forms stating he understood that his guilty plea to the specified crimes constituted an admission of guilt and a waiver of constitutional and statutory rights, as well as defenses to the crimes. Defendant told the trial court he reviewed each plea form before signing them. The trial court also questioned defendant's counsel and asked whether counsel saw defendant execute each of the plea forms; counsel replied that he had. The trial court asked counsel whether "you think he knowingly and intelligently entered into these pleas?" Id. at 14. Counsel replied: "Yes, I do, Your Honor." The court further asked counsel: "And do you feel that these pleas are in his best interest?" Id. Again, counsel replied: "Yes, I do, Your Honor." Id.
 {¶ 12} Based on the transcript of the plea hearing, we conclude defendant knowingly and voluntarily entered a guilty plea to the charge of attempted murder. The trial court gave defendant every opportunity to have a trial if he wanted to do so; defendant decided to plead guilty pursuant to the plea agreement reached with the prosecution. Nothing in the plea proceedings indicates that defendant, on entering his guilty plea, protested his innocence such that the trial court was required to reject the plea. Further, defendant's contention that the trial court was aware that defendant asserted innocence based on off the record conversations is without merit, as we are limited to a review of the record on appeal.
 {¶ 13} To the extent, if any, defendant argues the trial court erred in failing to enter an Alford plea on learning at the sentencing of defendant's claimed innocence, defendant's contention fails. A trial court may accept a guilty plea despite a protestation of innocence if strong evidence of guilt substantially negates the defendant's claim. Alford, supra;State v. Carter (1997), 124 Ohio App.3d 423.
 {¶ 14} An Alford plea is "merely a species of a guilty plea, having the effect of waiving [a defendant's] right to appeal." Id. at 429. The standard for determining the validity of an Alford plea is the same as a regular plea: whether the plea represents a voluntary and intelligent choice among the alternative courses of action available to a defendant. Id.;State v. Post (1987), 32 Ohio St.3d 380 (holding that the trial court properly accepted defendant's plea of no contest despite defendant's asserting innocence after entering his plea, where the trial court engaged in an extensive colloquy with the defendant to ensure he was fully aware of his rights and understood the consequences of his plea). In addition, a validAlford plea requires that at the time a defendant enters a guilty plea, he or she also must protest innocence. State v.Horton-Alomar, Franklin App. No. 04AP-744, 2005-Ohio-1537. A defense counsel's characterization of a guilty plea as anAlford plea, even if on the record, is insufficient absent a protestation of innocence. Id.
 {¶ 15} Here, the trial court allowed the prosecution to present the facts, to which defendant "pursuant to Blakely versus Washington * * * stipulate[d] within the confines of [his] plea." (June 21, 2005 Tr. 17.) In doing so, the state presented strong evidence of defendant's guilt to the attempted murder charge: the victim identified defendant as the shooter immediately after being shot. Equally as significant, however, defendant did not protest his innocence to the attempted murder charge at the time he entered his guilty plea. Because defendant did not assert his innocence, the trial court did not err in not entering anAlford plea.
 {¶ 16} Defendant's first assignment of error is overruled.
 {¶ 17} In the second assignment of error, defendant contends that because he asserted his innocence after the plea hearing and continued to do so up to sentencing, the trial court was required to set aside his guilty plea to attempted murder. To support his argument, defendant relies on both his letter to the trial court claiming he did not attempt to murder anyone and his statement in the PSI report that he did not commit the attempted murder. Based on the letter and the PSI report, defendant contends the trial court was aware defendant claimed to be innocent of the attempted murder charge, and the trial court therefore should have set aside his guilty plea. Defendant did not file a motion to withdraw his guilty plea pursuant to Crim.R. 32.1.
 {¶ 18} When a defendant protests innocence after a guilty plea has been accepted, a trial court is not required to inquire into a defendant's reasons for pleading guilty despite the assertions of innocence. State v. Gales (1999),131 Ohio App.3d 56; State v. Auble (July 27, 2000), Cuyahoga App. No. 76709 (holding that defendant's protestation of innocence at the sentencing hearing did not necessitate the trial court's inquiring whether defendant wished to withdraw his guilty plea);State v. Nickels (May 4, 2001), Clark App. No. 00CA0026 (holding that because defendant's protestation of innocence occurred days after the plea hearing and during statements made in the pre-sentence investigation, the trial court had no duty to inquire at sentencing why the defendant entered his pleas);State v. Todd, Clermont App. No. CA2003-02-012, 2003-Ohio-6786. "Nor is a court required to inform a defendant about the existence of Crim.R. 32.1, which allows the filing of a motion to withdraw a plea." Gales, at 60.
 {¶ 19} Because defendant did not assert his innocence until after he entered guilty pleas, the trial court was not required to vacate defendant's guilty pleas or inform defendant about the existence of Crim.R. 32.1. Indeed, at the sentencing hearing the trial court gave defendant yet another opportunity to proceed to trial if he so chose; defendant replied he was "willing to stand up like a man and take responsibility" for his actions. (Aug. 15, 2005 Tr. 15.) Accordingly, defendant's second assignment of error is overruled.
 {¶ 20} Defendant's third assignment of error claims the trial court erred in failing to make the necessary findings applicable to consecutive sentences. Defendant further asserts that the trial court's imposition of consecutive sentences violated his right to a jury trial under Blakely v. Washington (2004),542 U.S. 296 and Apprendi v. New Jersey (2000), 530 U.S. 466. The state responds that because defendant failed to raise any objection regarding sentencing at the trial court, defendant waived any error on appeal absent plain error.
 {¶ 21} This court recently held that if a defendant is sentenced after Blakely was decided and did not raise aBlakely challenge in the trial court, the argument is waived on appeal absent plain error. State v. Draughon, Franklin App. No. 05AP-860, 2006-Ohio-2445, citing United States v. Booker
(2005), 543 U.S. 220; State v. Dudukovich, Lorain App. No. 05CA008729, 2006-Ohio-1309.
 {¶ 22} Defendant was sentenced on August 15, 2005, well after the Blakely decision, but defendant failed to raise a Blakely
challenge in the trial court. After the trial court imposed consecutive sentences, it asked defendant's counsel if there were any questions regarding the sentence; counsel replied he had no questions. (Aug. 15, 2005 Tr. 18-19.) Accordingly, consistent with Draughon, defendant waived any argument on appeal absent plain error. Plain error exists where, but for the error, the outcome of the case would clearly have been different. State v.Carson, Franklin App. No. 05AP-13, 2006-Ohio-2440.
 {¶ 23} Here, defendant cannot demonstrate plain error because a trial court is no longer required to engage in judicial findings prior to the imposition of consecutive sentences. Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856; State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855. Trial courts have full discretion to impose a prison sentence within the statutory range. Foster, supra. Accordingly, defendant's third assignment of error is overruled.
 {¶ 24} Having overruled defendant's first, second, and third assignments of error, we affirm the judgments of the Franklin County Court of Common Pleas.
Judgments affirmed.
Brown and Sadler, JJ., concur.