JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Larry Nicklson ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby vacate appellant's sentence and remand to the lower court for resentencing.
 I. {¶ 2} According to the case and the facts, this is an appeal of a nine-year consecutive sentence imposed for rape after the State sought resentencing under S.B. 2. On July 31, 1997, appellant pled guilty to one count of rape in violation of R.C.2907.02 in connection with an incident that had occurred the previous year. On August 7, 1997, the trial court imposed an indefinite sentence of five to 25 years. This term was to be served concurrently with a two-year term imposed in Case No. 342148 for drug trafficking, but consecutively to a sentence of 18 years to life imposed after appellant pled guilty to murder in Case No. 349169.
 {¶ 3} On July 21, 2005, the State filed a motion asking the trial court to resentence appellant in accordance with S.B. 2. The State maintained that the offense to which appellant entered his guilty plea was undertaken on July 31, 1996. Since S.B. 2 became effective on July 1, 1996, the new law applied and warranted a definitive sentence.
 {¶ 4} On October 12, 2005, the matter proceeded to a sentencing hearing. The offense was a felony of the first degree. Accordingly, under S.B. 2, the trial court could impose a sentence of three, four, five, six, seven, eight, nine or ten years. The court imposed a definite sentence of nine years and ordered that appellant serve that term consecutively to the pre-S.B. 2 sentence it imposed in an unrelated murder case. Appellant filed his notice of appeal in this case on April 19, 2006.
 II. {¶ 5} Appellant's assignment of error states the following: "The consecutive sentence that the trial court imposed based on findings made pursuant to an unconstitutional sentencing scheme was erroneous and must be vacated."
 III. {¶ 6} Appellant appeals his sentence, arguing as his sole assignment of error that the consecutive sentence imposed was based on findings that were made pursuant to an unconstitutional sentencing scheme and, therefore, the sentence must be vacated. The State acknowledges that Foster requires that this cause be remanded for resentencing. We agree.
 {¶ 7} The trial court imposed maximum and consecutive sentences pursuant to R.C. 2929.14(B) and (C) and (E)(4),2929.19(B)(2), 2929.41(A), which the Ohio Supreme Court has since declared unconstitutional and excised from the statutory scheme.Foster, supra, applying United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621; Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, andApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435.
 {¶ 8} As a result, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, at paragraph 7 of the syllabus, and Statev. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. A defendant, however, who was sentenced under the unconstitutional and now void statutory provisions must be resentenced. Foster, supra, at pp. 103-106.
 {¶ 9} We conclude that the trial court relied on severed, excised, and unconstitutional statutes in imposing appellant's consecutive sentence. Therefore, his sentence is vacated, and the matter is remanded for resentencing in accordance with Foster.
 {¶ 10} In addition to the above, appellant further argues in his sole assignment of error that Foster violates his right against ex post facto legislation. This issue is not ripe for our review because appellant has yet to be sentenced under Foster.
See State v. Rady, Lake App. No. 2006-L-012, 2006-Ohio-3434;State v. Pitts, Allen App. No. 01-06-02, 2006-Ohio-2796; Statev. Lathan, Lucas App. No. L-03-1188, 2006-Ohio-2490; State v.Sanchez, Defiance App. No. 4-05-47, 2006-Ohio-2141; State v.McKercher, Allen App. No. 1-05-83, 2006-Ohio-1772.
Sentence vacated and case remanded for resentencing.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., and Nahra, J.,* concur.
* Sitting by Assignment: Judge Joseph J. Nahra, Retired, of the Eighth District Court of Appeals.