OPINION
{¶ 1} Defendant-appellant, Randolph R. Ragland, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas.
 {¶ 2} On February 2, 2000, a Franklin County Grand Jury indicted appellant for two counts of rape in violation of R.C. 2907.02. The counts arose from allegations that appellant and his daughter raped a woman on or about August 30, 1999. After a trial, the trial court found appellant guilty of both counts of rape. On July 6, 2004, the trial court classified appellant as a sexual predator and sentenced him to consecutive eight-year prison terms. This court affirmed appellant's convictions on appeal. State v. Ragland, Franklin App. No. 04AP-829,2005-Ohio-4639. *Page 2 
 {¶ 3} Subsequently, appellant filed an application to reopen his appeal pursuant to App.R. 26(B). This court granted appellant's application, finding that a genuine issue of material fact existed regarding whether appellate counsel was ineffective for not raising an argument pursuant to Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, in his direct appeal. However, we limited the reopening of his appeal to the sentencing issue raised in the application. State v.Ragland (Mar. 23, 2006), Franklin App. No. 04AP-829 (Memorandum Decision). On reopening, appellant assigns the following errors:
 [1]. APPELLANT'S SENTENCE IS UNCONSTITUTIONAL UNDER THE OHIO AND UNITED STATES CONSTITUTIONS PURSUANT TO APPRENDI V. NEW JERSEY * * *; BLAKELY V. WASHINGTON * * *; AND UNITED STATES V. BOOKER * * *, AS INTERPRETED BY THE OHIO SUPREME COURT IN STATE V. FOSTER * * *.
 [2]. APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL PURSUANT TO STRICKLAND V. WASHINGTON WHEN COUNSEL FAILED TO RAISE AT SENTENCING THE UNCONSTITUTIONALITY OF THE OHIO SENTENCING STATUTES * * *.
 [3]. THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO TRIAL BY JURY BY SENTENCING APPELLANT TO A TERM OF INCARCERATION WHICH EXCEEDED THE STATUTORY MAXIMUM MANDATED BY THE SIXTH AND FOURTEENTH AMENDMENTS.
 [4]. THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS UNDER THE EX POST FACTO AND DUE PROCESS CLAUSES OF THE FEDERAL CONSTITUTION BY SENTENCING APPELLANT TO A TERM OF INCARCERATION WHICH EXCEEDED THE MAXIMUM PENALTY AVAILABLE UNDER THE STATUTORY FRAMEWORK AT THE TIME OF THE OFFENSE.
 [5]. THE RULE OF LENITY REQUIRES THE IMPOSITION OF MINIMUM AND CONCURRENT SENTENCES, AND THE RULING OF THE TRIAL COURT TO THE CONTRARY MUST BE REVERSED. *Page 3 
 {¶ 4} In his first assignment of error, appellant claims that the trial court violated Blakely by imposing non-minimum, consecutive sentences based on factual findings neither admitted by him nor found by a jury. Appellant was sentenced after Blakely but did not object to the trial court's sentence based on Blakely. Therefore, appellant has waived this challenge. State v. Draughon, Franklin App. No. 05AP-860,2006-Ohio-2445, at ¶ 7; State v. Payne, Franklin App. No. 05AP-517,2006-Ohio-2552, at ¶ 6. Appellant also fails to demonstrate plain error because a trial court is no longer required to engage in judicial findings prior to the imposition of consecutive sentences. State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. See State v. Darks, Franklin App. No. 05AP-982, 2006-Ohio-3144, at ¶ 23. Appellant's first assignment of error is overruled.
 {¶ 5} In his second assignment of error, appellant contends that trial counsel was ineffective for failing to raise a Blakely objection to appellant's sentence. In order to prevail on an ineffective assistance of counsel claim, appellant must meet the two-prong test enunciated inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052; accordState v. Bradley (1989), 42 Ohio St.3d 136, certiorari denied (1990),497 U.S. 1011, 110 S.Ct. 3258. Initially, appellant must show that counsel's performance was deficient. To meet that requirement, appellant must show counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Appellant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Strickland, at 690. In analyzing the first prong of Strickland, there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689. Appellant must overcome *Page 4 
the presumption that, under the circumstances, the challenged action might beconsidered sound trial strategy. Id., citing Michel v.Louisiana (1955), 350 U.S. 91, 101,76 S.Ct. 158.
 {¶ 6} If appellant successfully proves that counsel's assistance was ineffective, the second prong of the Strickland test requires appellant to prove prejudice in order to prevail. Id. at 692. To meet that prong, appellant must show counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable. Id. at 687. Appellant would meet this standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 {¶ 7} Even if this court were to assume that appellant's trial counsel was deficient for failing to assert a Blakely objection, we can find no prejudice from trial counsel's failure. As noted in State v. Peeks, Franklin App. No. 05AP-1370, 2006-Ohio-6256, at ¶ 15, a trial court's application of the statutory sentencing scheme in existence beforeFoster generally benefited defendants. For example, beforeFoster, a trial court had to make a number of findings under R.C.2929.14(E)(4) before it could sentence a defendant to consecutive sentences. These required findings limited the trial court's sentencing discretion and prohibited consecutive sentences unless the findings were made. Id. at ¶ 15. However, because Foster found R.C. 2929.14(E)(4) unconstitutional and severed it from the sentencing statutes, a remand for resentencing would subject appellant to the trial court's full discretion to impose consecutive sentences within the statutory range.State v. Bean, Franklin App. No. 06AP-208, 2006-Ohio-6745, at ¶ 24; citing Foster, at ¶ 100. Thus, there is not a reasonable probability that appellant's *Page 5 
sentence would have been more advantageous to him. Appellant's second assignment of error is overruled.
 {¶ 8} In his third assignment of error, appellant contends that the Supreme Court of Ohio's decision in Foster is incompatible with the United States Supreme Court precedent in this area and that he is entitled to a minimum, concurrent sentence on remand pursuant to those United States Supreme Court cases. We disagree. This court is bound to follow a decision of the Supreme Court of Ohio and we cannot overrule that court's decision or declare it unconstitutional. State v.Bruce, Hamilton App. No. C060456, 2007-Ohio-175, at ¶ 6; State v.Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-5125, at ¶ 42; State v.Alexander, Franklin App. No. 06AP-501, 2006-Ohio-6375, at ¶ 7; State v.Schweitzer, Auglaize App. No. 2-06-25, 2006-Ohio-6087, at ¶ 7-9. Accordingly, we overrule his third assignment of error.
 {¶ 9} In his fourth assignment of error, appellant contends that theFoster court's severance remedy, as applied to his case, violates due process and ex post facto principles against retroactivity. We disagree. We first note that appellant was sentenced before Foster had been decided and has yet to be sentenced under Foster. Thus, this assignment of error is arguably not ripe for review. See, e.g., State v.Nicklson, Cuyahoga App. No. 87225, 2006-Ohio-5935, at ¶ 10. Nevertheless, we note that this court recently considered and rejected this argument. State v. Gibson, Franklin App. No. 06AP-509,2006-Ohio-6899, at ¶ 18; State v. Pigot, Franklin App. No. 06AP-343,2007-Ohio-141, at ¶ 7. See, also, State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio5162; State v. Green, Ashtabula App. No. 2005-A-0069,2006-Ohio-6695, at ¶ 22. We agree with the reasoning set forth in these cases that the severance remedy chosen by *Page 6 
the Supreme Court of Ohio in Foster does not violate ex post facto or due process principles. Accordingly, we overrule appellant's fourth assignment of error.
 {¶ 10} Finally, appellant contends in his fifth assignment of error that the rule of lenity requires the trial court to impose minimum and concurrent sentences. We disagree. The rule of lenity, R.C. 2901.04(A), is a rule of statutory construction which provides that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." The rule applies only where there is an ambiguity in a statute or a conflict between statutes. State v. Moore, Allen App. No. 1-06-51,2006-Ohio-6860, at ¶ 11-12; Green, at ¶ 24. The rule has no applicability in the present case because there is no ambiguity or conflict in the sentencing statutes, and appellant does not contend otherwise. See Bruce, at ¶ 13. This court has also recently considered and rejected this argument. State v. Henderson, Franklin App. No. 06AP-645, 2007-Ohio-382, at ¶ 10. Therefore, appellant's fifth assignment of error is overruled.
 {¶ 11} In conclusion, we overrule each of appellant's five assignments of error. This court's previous judgment, affirming the judgment of the Franklin County Court of Common Pleas, is confirmed. App.R. 26(B)(9).
Judgment confirmed.
 BRYANT and PETREE, JJ., concur. *Page 1