OPINION
{¶ 1} Defendant-appellant, Jace Jones, Jr. ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas sentencing him to a five-year term of incarceration and a three-year term of incarceration, to be served consecutively.
 {¶ 2} A jury found appellant guilty of burglary, in violation of R.C.2911.12(A)(3), and robbery, in violation of R.C. 2911.02, both felonies of the third degree. Appellant was sentenced to five years incarceration on the burglary conviction and three years incarceration on the robbery conviction. The trial court ordered that the sentences be *Page 2 
served consecutively. Thereafter, appellant appealed his sentence. This court held that the trial court had failed to make the requisite findings for the imposition of consecutive and maximum sentences and remanded the matter for resentencing. Appellant was resentenced on November 4, 2005, and the trial court imposed the same sentence at the resentencing hearing. Appellant now appeals the judgment of the trial court asserting the following single assignment of error:
 THE TRIAL COURT DID NOT HAVE AUTHORITY TO IMPOSE CONSECUTIVE SENTENCES OR A MAXIMUM SENTENCE WHEN THE IMPOSITION OF THESE SENTENCES VIOLATED THE DEFENDANT'S SIXTH AMENDMENT AND DUE PROCESS RIGHTS UNDER THE UNITED STATES CONSTITUTION AND THE EQUIVALENT RIGHTS UNDER THE OHIO CONSTITUTION.
 {¶ 3} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, cert. denied (2006), 127 S.Ct. 442, the Supreme Court of Ohio held that under the United States Supreme Court's decisions in Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348, and Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, portions of Ohio's sentencing scheme were unconstitutional because they required judicial fact finding before a defendant could be sentenced to more than the minimum sentence, the maximum sentence, and/or consecutive sentences. Id. at paragraph one of the syllabus. As a remedy, the Supreme Court of Ohio severed the offending sections from Ohio's sentencing code. Id. at ¶ 90-102 (applying a severance remedy similar to that adopted inUnited States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738.) As a result of the Foster court's application of the severance remedy, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or *Page 3 
give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 4} To the extent that appellant contends the trial court violatedBlakely by imposing non-minimum, consecutive sentences based on factual findings neither admitted by him nor found by a jury, we find no merit to appellant's position. Appellant was sentenced after the United States Supreme Court rendered its opinion in Blakely, but did not raise an objection to the trial court's sentence based on Blakely. Therefore, appellant has waived all but plain error as to this issue. See, e.g.,State v. Hairston, Franklin App. No. 06AP-420, 2007-Ohio-143; State v.Ragland, Franklin App. No. 04AP-829, 2007-Ohio-836; State v.Draughon, Franklin App. No. 05AP-860, 2006-Ohio-2445. Appellant, however, fails to demonstrate plain error because a trial court is no longer required to engage in judicial findings prior to the imposition of consecutive and non-minimum sentences. Ragland, at ¶ 4, citingFoster, supra. See, also, State v. Darks, Franklin App. No. 05AP-982,2006-Ohio-3144.
 {¶ 5} Appellant also asserts in his assignment of error that the retroactive application of Foster to his sentence violates both his right to due process and the ex post facto clause of the United States Constitution by raising the presumptive minimum sentences, and creating an unanticipated remedy by erasing the presumption to which he was entitled. Therefore, appellant seeks a remand and a resentencing.
 {¶ 6} We note that appellant was sentenced prior to Foster, and was not sentenced under the post-Foster sentencing scheme. Therefore, this argument is not applicable in this instance. See, e.g.,Ragland, supra at ¶ 9, citing State v. Nicklson, Cuyahoga App. No. 87225, 2006-Ohio-5935, at ¶ 10. Yet, even assuming the issue is *Page 4 
properly before this court, we find that appellant's position lacks merit as this court has previously determined that the application ofFoster to defendants who committed their offenses before that decision was released does not violate constitutional principles of due process, or operate as an ex post facto law. Hairston, supra, citing State v.Gibson, Franklin App. No. 06AP-509, 2006-Ohio-6899 (concluding that the remedial holding of Foster did not violate the appellant's due process rights or the ex post facto principles contained therein); State v.Alexander, Franklin App. No. 06AP-501, 2006-Ohio-6375 ("Thus, at the time that [the] appellant committed his crimes the law did not afford him an irrebuttable presumption of minimum and concurrent sentences."); see, also, State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162
(finding that Foster does not violate the ex post facto clause of the United States Constitution or federal notions of due process); State v.Grimes, Washington App. No. 04CA17, 2006-Ohio-6360 (agreeing with the reasoning in McGhee).
 {¶ 7} For the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 KLATT and FRENCH, JJ., concur. *Page 1