OPINION
{¶ 1} Defendant-appellant, David J. Sheets, appeals the sentencing decision of the Clermont County Court of Common Pleas.
 {¶ 2} Appellant was indicted in December 2004 on one count of aggravated theft. He was subsequently indicted in 2005 for grand theft and misuse of credit cards (for a total of three felony counts). The charges stemmed from a course of conduct between September 2002 and December 2004 during which appellant, a travel agent and the owner of The Travel *Page 2 
Center in Milford, Ohio, gave customers discounts if they paid him in cash or by check. Appellant would then pocket the cash and buy their tickets using other people's credit cards without permission, or gave false authorization numbers with credit cards. The state of Ohio asserted that the value of the property or services taken by appellant was $100,000 or more. In February 2006, in exchange for the state's dismissal of the 2005 indictment, appellant pled guilty to one count of aggravated theft, a felony of the third degree. The prison term for a third-degree felony ranges from one to five years. R.C. 2929.14(A)(3). On March 27, 2006, the trial court sentenced appellant to four years in prison.[1]
 {¶ 3} Appellant appeals, raising five assignments of error. We will address appellant's second assignment of error first, and his first and third assignments of error together.
 {¶ 4} Assignment of Error No. 2:
 {¶ 5} "THE COURT OF COMMON PLEAS VIOLATED SHEETS' RIGHTS UNDER THE EX POST FACTO CLAUSE OF THE FEDERAL CONSTITUTION BY SENTENCING SHEETS TO A TERM OF INCARCERATION WHICH EXCEEDED THE MAXIMUM PENALTY AVAILABLE UNDER THE STATUTORY FRAMEWORK AT THE TIME OF THE OFFENSE. THE DECISION RENDERED BY THE SUPREME COURT OF OHIO IN STATE V. FOSTER (2006), 109 OHIO ST.3d 1, WHICH PURPORTS TO AUTHORIZE THE SENTENCE RENDERED AGAINST SHEETS IS INCOMPATIBLE WITH THE CONTROLLING PRECEDENT OF THE UNITED STATES SUPREME COURT AND MUST BE REJECTED."
 {¶ 6} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court *Page 3 
held that certain portions of Ohio's statutory sentencing scheme were unconstitutional because they required judicial findings of fact neither proven to a jury nor admitted by the defendant. Id. at ¶ 83. As a result, the supreme court severed the unconstitutional portions of the sentencing statute. Id. at ¶ 97-99. The supreme court held that a sentencing court is no longer compelled to make factual findings to support a more than the minimum sentence. Id. at ¶ 100. Rather, sentencing courts must now consider the provisions listed in R.C.2929.11 and 2929.12 as statutory factors to determine an appropriate felony sentence. State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.
 {¶ 7} Appellant argues that the severance remedy outlined inFoster violates the ex post facto and due process clauses of the United States Constitution because it effectively raises the presumptive sentences for first-time offenders.[2] Thus, appellant claims, any post-Foster sentence greater than the statutory minimum sentence violates the ex post facto and due process clauses.
 {¶ 8} We have previously considered the ex post facto and due process argument appellant raises herein and have rejected it each time. SeeState v. Doyle, Brown App. No. CA2005-11-020, 2006-Ohio-5373; State v.Andrews, Butler App. No. CA2006-06-142, 2007-Ohio-223; and State v.Cockrell, Fayette App. No. CA2006-05-020, 2007-Ohio-1372. Several other Ohio appellate courts have rejected it as well. See, e.g., State v.Smith, Montgomery App. No. 21004, 2006-Ohio-4405; State v. Paynter, Muskingum App. No. CT2006-0034, 2006-Ohio-5542; and State v.McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162.
 {¶ 9} We find nothing in appellant's brief to prompt us to reconsider our conclusion *Page 4 
and we continue to adhere to our holding in Doyle and Andrews. For the reasons stated in those cases, we once again hold that Foster does not violate the ex post facto and due process clauses. The trial court was not constitutionally required to impose a statutory minimum sentence on appellant following Foster. See State v. Davis, Washington App. No. 06CA39, 2007-Ohio-1281. Appellant's second assignment of error is overruled.
 {¶ 10} Assignment of Error No. 1:
 {¶ 11} "THE COURT OF COMMON PLEAS VIOLATED SHEET'S [SIC] RIGHT TO TRIAL BY JURY BY SENTENCING SHEETS TO A TERM OF INCARCERATION WHICH EXCEEDED THE STATUTORY MAXIMUM MANDATED BY THE SIXTH ANDFOURTEENTH AMENDMENTS. THE DECISION RENDERED BY THE SUPREME COURT OF OHIO INSTATE V. FOSTER, WHICH PURPORTS TO AUTHORIZE SENTENCES IN EXCESS OF THE STATUTORY MAXIMUM, IS INCOMPATIBLE WITH THE CONTROLLING PRECEDENT OF THE UNITED STATES SUPREME COURT AND MUST BE REJECTED."
 {¶ 12} Assignment of Error No. 3:
 {¶ 13} "THE COURT OF COMMON PLEAS VIOLATED SHEETS' RIGHTS UNDER THEFOURTEENTH AMENDMENT TO THE FEDERAL CONSTITUTION BY SENTENCING SHEETS PURSUANT TO THE DECISION RENDERED BY THE SUPREME COURT OF OHIO INSTATE V. FOSTER (2006), 109 OHIO ST.3D 1, BECAUSE THE HOLDING OFFOSTER IS INVALID UNDER ROGERS V. TENNESSEE (2001), 532 U.S. 451."
 {¶ 14} In his first assignment of error, appellant argues that the severance remedy in Foster is legally erroneous and incompatible with prior rulings of the United States Supreme Court, including Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531; United States v.Booker (2005), 543 U.S. 220, 125 S.Ct. 738; and Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348. Appellant asserts that based upon the foregoing decisions, the Foster court should only have excised the judicial fact-finding portion of R.C. 2929.14(B) but kept *Page 5 
the statutory presumption in favor of minimum sentences. Appellant asserts that the trial court violated his right to a jury trial under the Sixth and Fourteenth Amendments to the United States Constitution by sentencing him to a non-minimum prison term.
 {¶ 15} In his third assignment of error, appellant argues that the severance remedy in Foster is legally erroneous and incompatible with the United States Supreme Court's decision in Rogers v. Tennessee
(2001), 532 U.S. 451, 121 S.Ct. 1693. Appellant asserts thatRogers prohibits imposition of non-minimum sentences. Thus, appellant should have been sentenced to a minimum prison term.
 {¶ 16} At the outset, we note that we are bound by the supreme court's mandate in Foster. See Doyle, 2006-Ohio-5373. An appellate court is bound to follow a decision of the Ohio Supreme Court and cannot overrule that court's decision or declare it unconstitutional. State v.Ragland, Franklin App. No. 04AP-829, 2007-Ohio-836, ¶ 8. Appellant will have the opportunity to present these arguments (as well as those raised in his second and fourth assignments of error) to the supreme court if he chooses to appeal from this decision. See Doyle.
 {¶ 17} We also note that assignments of error identical to appellant's first and third assignments of error (as well as his second assignment of error) were raised, addressed, and rejected by several Ohio appellate courts.
 {¶ 18} With regard to appellant's arguments in his first assignment of error, the Tenth Appellate District rejected them as follows: "In addition, to the extent that appellant claims the trial court's sentence, as well as the remedy in Foster, violates his Sixth Amendment right to a trial by jury, and the principles set forth in Apprendi,Blakely, and Booker, we find this argument unpersuasive. The trial court did not resentence appellant based upon any additional factual findings not found by a jury, and appellant did not receive greater than the statutory maximum based upon factual findings the jury did make, as prohibited by Blakely. *Page 6 
Therefore, we conclude that the remedial holding of Foster does not violate appellant's constitutional rights." State v. Houston, Franklin App. No. 06AP-662, 2007-Ohio-423, ¶ 5.
 {¶ 19} The Ninth Appellate District likewise rejected the arguments inState v. Ross, Summit App. No. 23375, 2007-Ohio-1265. In Ross, just as appellant did in the case at bar, the defendant argued that "[t]he Supreme Court of Ohio * * * cannot cure an unconstitutional sentence by unilaterally eliminating the Sixth Amendment statutory maximum." Id. at ¶ 7. The Ninth Appellate District held: [T]o the extent appellant asserts that the Foster remedy of severance is unconstitutional, we find no merit to such an argument. * * * [The severance remedy] is the approach that was taken by the United States Supreme Court in Booker. InBooker, the high Court severed portions of the federal sentencing guidelines which offended the Sixth Amendment, causing the guidelines to become advisory rather than mandatory. As the U.S. Supreme Court found such a remedy to be constitutional, we find the remedy provided byFoster to similarly be constitutional." Ross at ¶ 7 (citation omitted).
 {¶ 20} With regard to appellant's arguments in his third assignment of error, the Ninth Appellate District rejected them[3] as follows:
 {¶ 21} "In Bouie [v. Columbia (1964), 378 U.S. 347, 84 S.Ct. 1697], the United States Supreme Court held that due process prohibits retroactive application of any judicial decision construing a criminal statute that `is unexpected and indefensible by reference to the law which has been expressed prior to the conduct in issue[.]' WhileBouie referenced ex post facto principles, the United States Supreme Court later explained [in Rogers, 532 U.S. 451] that Bouie's `rationale rested on core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct.' This principle has also *Page 7 
been recognized by the Ohio Supreme Court [in State v. Garner (1995),74 Ohio St.3d 49:] `[A]n unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law and can thereby violate the Due Process Clause of theFourteenth Amendment to the United States Constitution * * * even though the constitutional prohibition against ex post facto laws is applicable only to legislative enactments.'
 {¶ 22} "* * *
 {¶ 23} "`Appellant essentially seeks the benefit of a state of law that never existed; he wants a sentence that comports with theSixth Amendment requirements of Booker [and Foster], but wants to avoid the possibility of a higher sentence under the remedial holdings ofBooker [and Foster].' However, `because criminal defendants were aware of the potential sentences at the time they committed their crimes, and because the remedial holding of Foster was not unexpected,Foster did not violate due process notions.'" Ross, 2007-Ohio-1265, ¶ 9, 12 (citations omitted). See, also, State v. Malloy, Allen App. No. 1-06-69, 2007-Ohio-1083; State v. Fout, Franklin App. No. 06AP-664,2007-Ohio-619.
 {¶ 24} We agree with the reasoning espoused in the foregoing cases. We therefore hold that the severance remedy outlined in Foster is not legally erroneous, is not incompatible with prior rulings from the United States Supreme Court, and does not violate due process notions or a defendant's right to a jury trial under the Sixth Amendment. Appellant's first and third assignments of error are overruled.
 {¶ 25} Assignment of Error No. 4:
 {¶ 26} "THE RULE OF LENITY REQUIRES THE IMPOSITION OF MINIMUM AND CONCURRENT SENTENCES, AND THE RULING OF THE COURT OF COMMON PLEAS TO THE CONTRARY MUST BE REVERSED."
 {¶ 27} Appellant argues that the severance remedy in Foster violates the rule of lenity because it allows trial courts to impose any sentence within the statutory range *Page 8 
corresponding to the offense rather than the most lenient construction of the sentencing statute (in the case at bar, the minimum sentence under R.C. 2929.14[B]).
 {¶ 28} The rule of lenity is a rule of statutory construction "that provides that a court will not interpret a criminal statute so as to increase the penalty it imposes on a defendant where the intended scope of the statute is ambiguous." Houston, 2007-Ohio-423, ¶ 6, citingMoskal v. United States (1990), 498 U.S. 103, 107-108, 111 S.Ct. 461. The rule of lenity is codified in R.C. 2901.04(A) which provides in relevant part that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."
 {¶ 29} The rule of lenity, however, applies only where there is an ambiguity in a statute or a conflict between statutes. Houston at ¶ 7, citing United States v. Lanier (1997), 520 U.S. 259, 117 S.Ct. 1219;State v. Arnold (1991), 61 Ohio St.3d 175. "The rule has no applicability in the present case because there is no ambiguity or conflict in the sentencing statut[e], and appellant does not contend otherwise." State v. Ragland, Franklin App. No. 04AP-829, 2007-Ohio-836, ¶ 10; see, also, State v. Elswick, Lake App. No. 2006-L-075,2006-Ohio-7011 (because R.C. 2929.14[B] is not ambiguous, the rule of lenity does not apply); State v. Green, Ashtabula App. No. 2005-A-0069,2006-Ohio-6695 (the rule of lenity applies to the construction of ambiguous statutes, not to determinations of a statute's constitutionality or to the law regarding the retroactive effect of Ohio Supreme Court decisions).
 {¶ 30} As the Ninth Appellate District aptly stated: "Post-Foster, there is no ambiguity in the statutes under which appellant was sentenced. Appellant asserts that there is an ambiguity in the sentencing statutes because they have been severed, i.e., appellant argues that because the Foster Court altered the statutes they have somehow become ambiguous. However, nothing in the current language in R.C. 2929.14 is ambiguous. As the Foster Court *Page 9 
noted: `trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.' While appellant may disagree with theFoster Court's choice of remedy, that remedy has not created an ambiguity in the sentencing statutes. Accordingly, the rule of lenity does not apply." Ross, 2007-Ohio-1265, ¶ 15 (citation omitted).
 {¶ 31} In light of the foregoing, we find that the rule of lenity is inapplicable. Appellant's fourth assignment is overruled.
 {¶ 32} Assignment of Error No. 5:
 {¶ 33} "THE SENTENCE IMPOSED UPON DEFENDANT SHEETS WAS AN ABUSE OF DISCRETION."
 {¶ 34} In this assignment of error, appellant asserts that the trial court "clearly abused its discretion by imposing a four year term of incarceration, and reversal is accordingly required[,]" but fails to explain why and/or how his sentence was an abuse of discretion.
 {¶ 35} App.R. 16(A)(7) requires an appellant's brief to contain "the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." An appellate court may disregard an assignment of error if a party fails to identify in the record the error on which the assignment of error is based as required by App.R. 16(A) or fails to argue the assignment separately in the brief. App. R. 12(A)(2). Thus, this court may overrule or disregard an assignment of error because of "the lack of briefing" on the assignment of error. See Hawley v.Ritley (1988), 35 Ohio St.3d 157. As we have stated in the past, "[i]t is not the duty of the appellate court to search the record for evidence to support an appellant's argument as to any alleged error. * * * An appellate court is not a performing bear, required to dance to each and every tune played on an appeal." State *Page 10 v. Gulley, Clermont App. No. CA2005-07-066, 2006-Ohio-2023, ¶ 28, citingState v. Watson (1998), 126 Ohio App.3d 316.
 {¶ 36} Appellant's fifth assignment of error is accordingly overruled.
 {¶ 37} Judgment affirmed.
BRESSLER, J., concurs.
WALSH, J., concurs separately.
[1] Appellant was sentenced on March 27, 2006. The Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, was decided on February 27, 2006. Thus, contrary to the state's assertion, appellant was sentenced after Foster, and not before.
[2] According to the Tenth Appellate District in State v.Billups, Franklin App. No. 06AP-853, 2007-Ohio-1298, followingFoster, Andrew Foster (a defendant-appellant in Foster) filed a motion for reconsideration, arguing that the severance remedy applied inFoster violated the ex post facto and due process clauses of the United States Constitution. The Ohio Supreme Court denied the motion without setting forth the reason(s) for the denial. See State v. Foster,109 Ohio St.3d 1408, 2006-Ohio-1703.
[3] In Ross, the Ninth Appellate District combined appellant's argument that the severance remedy violates Rogers with the ex post facto argument and addressed them together.