OPINION
{¶ 1} Defendant-appellant, Earl Conn, Jr., appeals the decision of the Clermont County Common Pleas Court sentencing him to three consecutive 12-month prison terms on three fifth-degree felony counts of nonsupport of dependents.
 {¶ 2} Appellant initially received the same sentence in November 2005. On direct appeal, this court reversed the sentence and remanded the case for resentencing under State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.State v. Conn (Aug. 7, 2006), *Page 2 
Clermont App. No. CA2005-12-107 (accelerated calendar judgment entry).
 {¶ 3} Appellant again appeals the trial court's sentencing order, raising the following two assignments of error:
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE SENTENCE SHOULD BE VACATED BECAUSE THE TIRAL [sic] COURT ERRED BY SENTENCING THE APPELLANT, EARL CONN JR., UNDER A SET OF STATUTES THAT ARE IN CLEAR VIOLATION OF THE EXPOST [sic] FACTO CLAUSE, WHEN ON REMAND FOR RESENTENCING HE SHOULD HAVE BEEN GIVEN CONCURRENT SENTENCING."
 {¶ 6} Assignment of Error No. 2:
 {¶ 7} "THE SENTENCE SHOULD BE REVERSED BECAUSE THE APPELLANT RECIEVED [sic] INEFFECTIVE ASSISTANCE OF COUNSEL AT THE RESENTENCING HEARING, BY COUNSELS [sic] FAILURE TO OBJECT TO THE RESENTENCING OF THE APPELLANT UNDER THE MORE HARSHER STATUTES."
 {¶ 8} In his first assignment of error, appellant argues the trial court erred by imposing consecutive prison terms. According to appellant, anything other than concurrent sentences is a violation of the constitutional prohibition against ex post facto laws. Appellant's argument is without merit. This court has previously held that, in light of the severance remedy outlined in Foster, a post-Foster prison sentence greater than the statutory minimum sentence does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution. See State v. Sheets, Clermont App. No. CA2006-04-032,2007-Ohio-1799, at ¶ 9. See, also, State v. Boyle, Brown App. No. CA2005-11-020, 2006-Ohio-5373; and State v. Andrews, Butler App. No. CA2006-06-142, 2007-Ohio-223.
 {¶ 9} For the same reasons expressed in our previous decisions, we find no *Page 3 
merit to appellant's ex post facto argument. The first assignment of error is hereby overruled.
 {¶ 10} In his second assignment of error, appellant claims he was denied the effective assistance of counsel during his resentencing hearing. Appellant asserts counsel was ineffective for failing to object to the imposition of consecutive sentences.
 {¶ 11} Reversal of a sentence based upon ineffective assistance of counsel requires satisfying the two-prong test set forth inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. See Statev. Conway, 109 Ohio St.3d 412, 2006-Ohio-2815, at ¶ 95. The defendant must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Id. To demonstrate deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation. To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id.
 {¶ 12} Counsel's failure to object to the consecutive sentences does not constitute deficient performance. At the time appellant was resentenced, judicial fact-finding was not required before the imposition of consecutive prison terms. See Foster, 2006-Ohio-856
at ¶ 99. Appellant cannot show that, had counsel raised the issue, the result of the proceeding would have been different. UnderFoster, the trial court had full discretion to impose a prison sentence within the statutory range and was no longer required to make findings or give reasons for imposing consecutive sentences. Id. at ¶ 100.
 {¶ 13} Appellant's second assignment of error is likewise overruled.
 {¶ 14} Judgment affirmed. *Page 4 
YOUNG, P.J., and POWELL, J., concur.
 JUDGMENT ENTRY
The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.
It is further ordered that a mandate be sent to the Clermont County Court of Common Pleas for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
 Costs to be taxed in compliance with App.R. 24. *Page 1