[Cite as *State v. Smith*, 2022-Ohio-2455.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-10-126 |
| | : | O P I N I O N |
| - vs - | | 7/18/2022 |
| | : | |
| MICHAEL RODARIOUS SMITH aka | : | |
| MICHAEL SMITH, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2019-08-1344

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Repper-Pagan Law, Ltd., and Christopher J. Pagan, for appellant.

**S. POWELL, J.**

{¶ 1} Appellant, Michael Rodarious Smith aka Michael Smith, appeals from his conviction in the Butler County Court of Common Pleas after he pled guilty to one count of murder with an accompanying one-year firearm specification. For the reasons outlined below, we affirm Smith's conviction.

{¶ 2} On June 27, 2019, Smith, who was then just 17 years old, shot and killed the victim, Shon Walker. Following the shooting, Smith disposed of his clothing and the firearm that he used to shoot and kill Walker. The record indicates the shooting was caught on video and a witness identified Smith as the shooter.

{¶ 3} On July 11, 2019, a complaint was filed in the Butler County Court of Common Pleas, Juvenile Division ("juvenile court"), charging Smith with two counts of murder, both of which were accompanied by a firearm specification, and one count of tampering with evidence. Because Smith was charged with murder, and because Smith was 17 years old at the time of the offenses, Smith was subject to a mandatory bindover to the Butler County Court of Common Pleas, General Division ("trial court"), if the juvenile court found there was probable cause to believe Smith had committed the three charged offenses.

{¶ 4} On August 21, 2019, the juvenile court held a probable cause hearing. During this hearing, Smith's counsel advised the juvenile court that Smith had decided to waive his right to the probable cause hearing. Following the state's recitation of facts, and after the juvenile court engaged in a colloquy with Smith, the juvenile court accepted Smith's waiver and found there was probable cause to believe Smith had committed all three charged offenses. The juvenile court then set bond and the matter was transferred to the trial court for criminal prosecution. There is no dispute the juvenile court did not hold an amenability hearing prior to transferring the matter to the trial court.

{¶ 5} On September 25, 2019, a Butler County Grand Jury returned a three-count indictment charging Smith with two counts of murder, one in violation of R.C. 2903.02(A) with the other in violation of R.C. 2903.02(B), both unclassified felonies that included three-year firearm specifications under R.C. 2941.145, and one count of third-degree felony tampering with evidence in violation of R.C. 2921.12(A)(1).

{¶ 6} On August 17, 2020, Smith pled guilty to one count of murder in violation of

R.C. 2903.02(B)(1) with an accompanying one-year firearm specification. Smith was thereafter sentenced by the trial court on September 9, 2020 to a total, aggregate sentence of 16 years to life in prison. Smith appealed his conviction to this court and, except for a limited remand on matters not relevant to this appeal, this court affirmed. *State v. Smith*, 12th Dist. Butler No. CA2020-09-101, 2021-Ohio-2982.

{¶ 7} On August 30, 2021, Smith filed a motion with the trial court entitled "Motion to Dismiss for Unconstitutional Bindover." In his motion, Smith argued his mandatory bindover, and the mandatory bindover provisions set forth under R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b), were unconstitutional because it required his case be bound over to the trial court for criminal prosecution without the juvenile court first holding an amenability hearing. To support this argument, Smith noted that the Ohio Supreme Court had accepted for review the case of *State v. Bunch*, Case No. 2021-0579, and the issue of whether "[a] child cannot be transferred to adult court without a finding that they are not amenable to treatment in juvenile court." *See Id.*, Case No. 2021-0579, Case Information, https://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2021/0579 (last accessed July 7, 2022).[1]

{¶ 8} On August 31, 2021, the trial court issued an entry denying Smith's motion to dismiss. In so holding, the trial court stated:

> The current state of the law on the instant issue is that the mandatory bindover provisions under Ohio Revised Code sections 2152.10(A)(2)(b) and 2152.12(A)(1)(b) are constitutional. [*State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956]. This Court is bound by the precedent of that decision. This Court hereby DENIES Defendant's motion to dismiss as being not well taken.

{¶ 9} On October 22, 2021, Smith filed a motion for leave to file a delayed notice of

---

1. We note that oral argument in *Bunch* was held before the Ohio Supreme Court on April 12, 2022.

appeal. This court granted Smith's motion on December 3, 2021. Smith's delayed appeal now properly before this court for decision, Smith raises the following single assignment of error for review.

{¶ 10} THE TRIAL COURT ERRED BY HOLDING THAT SMITH'S MANDATORY BINDOVER SATISFIED DUE PROCESS WITHOUT AN AMENABILITY HEARING.

{¶ 11} Smith argues the trial court erred by denying his motion to dismiss by "holding Smith's mandatory bindover satisfied Due Process without an amenability hearing." The trial court, however, did not err by finding the law, as it currently stands, holds that the mandatory bindover provisions found R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) are constitutional based on the Ohio Supreme Court's decision in *Aalim*, 2017-Ohio-2956. Specifically, as the Ohio Supreme Court stated in *Aalim*:

> [T]he mandatory bindover of certain juveniles to adult court under R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) does not violate the Due Course of Law Clause or the Equal Protection Clause of the Ohio Constitution and the analogous provisions of the Fourteenth Amendment to the United States Constitution.

*Id.* at ¶ 4.

{¶ 12} This court, just like the trial court before us, "[is] bound by and constrained to follow the decisions of the Ohio Supreme Court." *State v. Rogers*, 12th Dist. Butler No. CA2019-11-194, 2020-Ohio-4102, ¶ 24, citing *State v. Sheets*, 12th Dist. Clermont No. CA2006-04-032, 2007-Ohio-1799, ¶ 16 ("[a]n appellate court is bound to follow a decision of the Ohio Supreme Court and cannot overrule that court's decision or declare it unconstitutional"). The fact that the Ohio Supreme Court may reverse its decision in *Aalim* when it decides *Bunch* does not necessarily mean the court will, in fact, do so. We find it just as likely the Ohio Supreme Court issues an opinion in *Bunch* that reaffirms its holding in *Aalim*.

{¶ 13} In light of the foregoing, and so this court can continue to process cases

through this court as expeditiously as possible, we decline Smith's invitation to forego releasing a decision in this case until the Ohio Supreme Court issues its opinion in *Bunch*. Therefore, finding no error in the trial court's decision denying Smith's motion to dismiss based on the current state of the law as set forth by the Ohio Supreme Court's decision in *Aalim*, Smith's single assignment of error lacks merit and is overruled.

**{¶ 14}** Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.