DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Donald Lee Mullens has appealed from two sentences imposed by the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} On October 12, 2004, having been found guilty of two counts of illegal manufacturing of drugs, in violation of R.C. 2925.04(A), a second degree felony, three counts of illegal assembly or possession of chemicals for the manufacturing of drugs, in violation of R.C. 2925.041, a third degree felony, and two counts of aggravated possession of drugs, in violation of R.C. 2925.11(A), a fifth degree felony, Appellant was sentenced to a total of 10 years incarceration. Appellant's sentence included mandatory and non-mandatory sentences. This Court granted Appellant's request to file a delayed appeal of his sentence.
 {¶ 3} On December 17, 2004, Appellant entered guilty pleas on another criminal matter and was subsequently sentenced to two mandatory five year terms of incarceration to be served concurrently with his previous 10 year term of incarceration. Appellant filed a timely notice of appeal of this sentence.
 {¶ 4} As a result of Appellant's filings, he had two appeals pending: one from the trial court's October 12, 2004 sentencing and one from the trial court's December 17, 2004 sentencing.
 {¶ 5} On April 21, 2005, this Court granted Appellant's motion to consolidate his two appeals. In support of his consolidated appeal, Appellant has asserted one assignment of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED IN IMPOSING MORE-THANM-INIMUM, MAXIMUM AND CONSECUTIVE SENTENCES SINCE OHIO'S SENTENCING STATUTES ALLOW SUCH SENTENCES TO BE IMPOSED BASED SOLELY UPON THE TRIAL COURT'S FINDINGS OF FACT, IN VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHT TO A JURY TRIAL ON ALL FACTUAL ISSUES."
 {¶ 6} In his sole assignment of error, Appellant has argued that his sentence violates his Sixth Amendment right to a trial by jury. Specifically, Appellant has argued that the United States Supreme Court decision in Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, compels reversal of his sentence. We disagree.
 {¶ 7} This Court has previously held that Blakely is inapplicable to Ohio's sentencing scheme. State v. McClanahan, 9th Dist. No. 22277,2005-Ohio-2975, at ¶ 8; State v. Rowles, 9th Dist. No. 22007,2005-Ohio-14, at ¶ 19. Accordingly, Appellant's sole assignment of error lacks merit.
 III {¶ 8} Appellant's sole assignment of error is overruled. The judgments of the trial court are affirmed.
Jugdments affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Batchelder, J. CONCUR