DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Denny Ross, appeals from his sentence in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellant appears before this Court now for a third time in this matter. Following a jury trial, appellant was found guilty of attempted murder, rape, felonious assault, and intimidation of a crime victim or witness from his initial indictment, and guilty of kidnapping and felonious assault from a supplemental indictment. Each of these crimes involved the same victim, J.T. On direct appeal, this Court affirmed appellant's convictions. See State v. Ross *Page 2 
("Ross I "), 9th Dist. Nos. 22447, 22598, 2005-Ohio-5189. On appeal to the Ohio Supreme Court, appellant was ordered resentenced, but his convictions were left undisturbed. See In re Ohio Criminal SentencingStatutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109.
 {¶ 3} During the pendency of his direct appeal, appellant filed a petition for post-conviction relief which was denied by the trial court. This Court affirmed the trial court's decision. See State v. Ross ("RossII "), 9th Dist. No. 23028, 2006-Ohio-4352. Since that time, appellant has been resentenced pursuant to the Ohio Supreme Court's remand order. Through a combination of concurrent and consecutive sentences, appellant received a sentence of twenty-five years incarceration. This sentence is identical to the original sentence imposed by the trial court. Additionally, the trial court again found appellant to be a sexual predator. Appellant timely appeals the trial court's sentence, raising six assignments of error for review. For ease of analysis, we have consolidated appellant's second and third assignments of error.
 II. ASSIGNMENT OF ERROR I "THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S RIGHT TO TRIAL BY JURY BY SENTENCING APPELLANT TO A TERM OF INCARCERATION WHICH EXCEEDED THE STATUTORY MAXIMUM MANDATED BY THE SIXTH AND FOURTEENTH AMENDMENTS. THE DECISION RENDERED BY THE SUPREME COURT OF OHIO IN STATE V. FOSTER
(2006), 109 OHIO ST.3D 1, WHICH PURPORTS TO AUTHORIZE SENTENCES IN EXCESS OF THE *Page 3 
STATUTORY MAXIMUM, IS INCOMPATIBLE WITH THE CONTROLLING PRECEDENT OF THE UNITED STATES SUPREME COURT AND MUST BE REJECTED."
 {¶ 4} In his first assignment of error, appellant contends that the trial court's sentence violated his right to a trial by jury. This Court disagrees.
 {¶ 5} In support of his argument, appellant relies upon Blakelyv. Washington (2004), 542 U.S. 296, United States v. Booker (2005),543 U.S. 220, Apprendi v. New Jersey (2000), 530 U.S. 466, andWashington v. Recuenco (2006), 126 S.Ct. 2546. Appellant is correct in his assertion that these cases stand for the proposition that "elements and sentencing factors must be treated the same for Sixth Amendment purposes." Id. at 2552. Appellant is also correct that
 "the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." (Emphasis and internal citations omitted.) Blakely, 542 U.S. 303-304.
 {¶ 6} Based upon this law, appellant asserts that the trial court was obligated to impose minimum, concurrent sentences because any other sentence violated his right to a trial by jury. However, "[t]he trial court did not resentence appellant based upon any additional factual findings not found by a jury, and appellant did not receive greater than the statutory maximum based upon factual findings the jury did make, as prohibited by Blakely." State v. Houston, 10th Dist. No. 06AP-662,2007-Ohio-423, at ¶ 5. As such, appellant's claim that his right to *Page 4 
a trial by jury was violated lacks merit. Simply stated, followingFoster, appellant's current sentence is supported entirely by the jury's finding of guilt.
 {¶ 7} Moreover, to the extent that appellant asserts that theFoster remedy of severance is unconstitutional, we find no merit to such an argument. In his brief, appellant asserts as follows: "The Supreme Court of Ohio * * * cannot cure an unconstitutional sentence by unilaterally eliminating the Sixth Amendment statutory maximum." However, this is the approach that was taken by the United States Supreme Court in Booker. In Booker, the high Court severed portions of the federal sentencing guidelines which offended the Sixth Amendment, causing the guidelines to become advisory rather than mandatory.Booker, 543 U.S. at 259. As the U.S. Supreme Court found such a remedy to be constitutional, we find the remedy provided by Foster to similarly be constitutional. Accordingly, appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S RIGHTS UNDER THE EX POST FACTO CLAUSE OF THE FEDERAL CONSTITUTION BY SENTENCING APPELLANT TO A TERM OF INCARCERATION WHICH EXCEEDED THE MAXIMUM PENALTY AVAILABLE UNDER THE STATUTORY FRAMEWORK AT THE TIME OF THE OFFENSE. THE DECISION RENDERED BY THE SUPREME COURT OF OHIO IN STATE V. FOSTER (2006), 109 OHIO ST.3D 1, WHICH PURPORTS TO AUTHORIZE THE SENTENCE RENDERED AGAINST DEFENDANT ROSS, IS INCOMPATIBLE WITH THE CONTROLLING PRECEDENT OF THE UNITED STATES SUPREME COURT AND MUST BE REJECTED." *Page 5 
 ASSIGNMENT OF ERROR III "THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE FEDERAL CONSTITUTION BY SENTENCING APPELLANT PURSUANT TO THE DECISION RENDERED BY THE SUPREME COURT OF OHIO IN STATE V. FOSTER (2006), 109 OHIO ST.3D 1, BECAUSE THE HOLDING OF FOSTER IS INVALID UNDER ROGERS V. TENNESSEE (2001), 532 U.S. 451."
 {¶ 8} In his second and third assignments of error, appellant argues that the trial court's sentence violated his due process rights and violated the ex post facto provisions of the Ohio and U.S. Constitutions. This Court disagrees.
 {¶ 9} Both the United States and Ohio Constitutions prohibit ex post facto legislation, and similar restrictions have been placed on judicial opinions. See, e.g., Bouie v. City of Columbia (1964), 378 U.S. 347. InBouie, the United States Supreme Court held that due process prohibits retroactive application of any judicial decision construing a criminal statute that "is unexpected and indefensible by reference to the law which has been expressed prior to the conduct in issue[.]" Id. at 354. While Bouie referenced ex post facto principles, the United States Supreme Court later explained that Bouie's "rationale rested on core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." Rogers v. Tennessee (2001), 532 U.S. 451, 459. This principle has also been recognized by the Ohio Supreme Court. See State v.Garner (1995), 74 Ohio St.3d 49. *Page 6 
 "[A]n unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law and can thereby violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution * * * even though the constitutional prohibition against ex post facto laws is applicable only to legislative enactments." (Internal citations and quotations omitted.) Id. at 57, quoting Bouie, 378 U.S. at 353; Marks v. United States (1977), 430 U.S. 188, 191-92.
 {¶ 10} In State v. Newman, 9th Dist. No. 23038, 2006-Ohio-4082, this Court rejected the argument that Foster's remedy violates the due process and ex post facto provisions of the Ohio and U.S. Constitutions. In so holding, we noted as follows: "We are obligated to follow the Ohio Supreme Court's directive and we are, therefore, bound byFoster. Furthermore, we are confident that the Supreme Court would not direct us to violate the Constitution." Id. at ¶ 11, citing U.S. v.Wade (C.A.8, 2006), 435 F.3d 829, 832 (holding that the Eighth Circuit is required to follow the directive of the U.S. Supreme Court and presuming that the U.S. Supreme Court would not order a court to violate the Constitution).
 {¶ 11} Moreover, since our decision, every appellate court that has addressed this issue has found that Foster's remedy does not violate the constitution. See State v. Gibson, 10th Dist. No. 06AP-509,2006-Ohio-6899; State v. Grimes, 4th Dist. No. 06CA17, 2006-Ohio-6360;State v. Durbin, 2d Dist. No. 2005-CA-134, 2006-Ohio-5125; State v.McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162; State v. Paynter, 5th Dist. No. CT2006-0034, 2006-Ohio-5542. We agree with the reasoning espoused in these cases. *Page 7 
 {¶ 12} "Appellant essentially seeks the benefit of a state of law that never existed; he wants `a sentence that comports with theSixth Amendment requirements of Booker [and Foster], but wants to avoid the possibility of a higher sentence under the remedial holdings ofBooker [and Foster].'" (Alterations sic.) Id. at ¶ 28, quotingUnited States v. Jamison (C.A. 7, 2005), 416 F.3d 538, 539. However, "because criminal defendants were aware of the potential sentences at the time they committed their crimes, and because the remedial holding of Foster was not unexpected, Foster did not violate due process notions." Gibson at ¶ 16. Accordingly, appellant's second and third assignments of error are overruled.
 ASSIGNMENT OF ERROR IV "THE RULE OF LENITY REQUIRED THE IMPOSITION OF NON-MAXIMUM AND CONCURRENT SENTENCES AT RESENTENCING, AND THE RULING OF THE COURT OF COMMON PLEAS TO THE CONTRARY MUST BE REVERSED."
 {¶ 13} In his fourth assignment of error, appellant asserts that his sentence must be reversed because the trial court violated the rule of lenity. This Court disagrees.
 {¶ 14} The rule of lenity is codified in R.C. 2901.04(A) and is a rule of statutory construction which provides that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." The rule of lenity applies only where there is an ambiguity in a statute or a conflict between statutes. State v. Moore, 3d Dist. *Page 8 
No. 1-06-51, 2006-Ohio-6860, at ¶ 11-12; State v. Green, 11th Dist. Nos. 2005-A-0069, 2005-A-0070, 2006-Ohio-6695, at ¶ 22. "The rule has no applicability in the present case because there is no ambiguity or conflict in the sentencing statutes[.]." State v. Ragland, 10th Dist. No. 04AP-829, 2007-Ohio-836, at ¶ 10, citing State v. Bruce, 1st Dist. No. C-060456, 2007-Ohio-175, at ¶ 13. We agree with this reasoning.
 {¶ 15} Post-Foster, there is no ambiguity in the statutes under which appellant was sentenced. Appellant asserts that there is an ambiguity in the sentencing statutes because they have been severed, i.e., appellant argues that because the Foster Court altered the statutes they have somehow become ambiguous. However, nothing in the current language in R.C. 2929.14 is ambiguous. As the Foster Court noted: "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."Foster at ¶ 100. While appellant may disagree with the Foster Court's choice of remedy, that remedy has not created an ambiguity in the sentencing statutes. Accordingly, the rule of lenity does not apply. Appellant's fourth assignment of error lacks merit.
 ASSIGNMENT OF ERROR V "THE COURT OF COMMON PLEAS ERRED BY IMPOSING A SEXUAL PREDATOR CLASSIFICATION WITHOUT MAKING *Page 9 
A FINDING THAT DEFENDANT ROSS POSES A RISK OF RECIDIVISM."
 {¶ 16} In his fifth assignment of error, appellant argues that the trial court erred in finding him to be a sexual predator. Specifically, appellant asserts that the trial court failed to find that he posed a risk of recidivism. This Court finds no error in the trial court's decision.
 {¶ 17} Initially, this Court notes that it was unlikely that appellant was entitled to a second sexual predator hearing. As noted above, appellant was ordered to be resentenced consistent with Foster.Foster, however, has no impact upon a sexual predator determination.State v. Gunner, 9th Dist. No. 05CA0111-M, 2006-Ohio-5808, at ¶ 26. As such, we find it unlikely that the Supreme Court's reversal included the reversal of appellant's sexual predator determination. See State v.Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245 (rejecting the concept of package sentencing and holding that only specifically challenged sentences may be reversed).
 {¶ 18} However, to the extent that appellant was afforded a second hearing, we find no error in the trial court's conclusion. This Court previously affirmed the trial court's determination that appellant was a sexual predator. See Ross I at ¶ 53-59. Upon rehearing the matter, the State relied upon its same evidence. Appellant provided no additional evidence.
 {¶ 19} Accordingly, this Court reviews the same evidence that it has previously found to be sufficient. *Page 10 
 "While the trial court must consider all the factors listed in R.C. 2950.09(B)(3), not every factor need be established before a[n] Appellant is adjudicated a sexual predator. State v. Smith (June 2, 1999), 9th Dist. No. 18622. At the hearing, the State argued that the offender's age, the Defendant's use of alcohol to impair the victim, the Defendant's prior criminal history, the nature of the sexual contact, the pattern of abuse demonstrated by the attack, and the Defendant's threats of cruelty supported a finding that Defendant is a sexual predator. At the hearing and on appeal, Defendant has not challenged any of these contentions.
 "Our review of the record supports the State's argument that these factors were all evidenced by the crimes for which Defendant was convicted. There is no question that Defendant has a prior criminal record, and the trial court correctly noted that his past did not include convictions for sexual crimes. Further, there was ample testimony during the trial that J.T. was impaired by the use of alcohol that Defendant had purchased prior to the attack. Accordingly, this Court cannot say that Defendant's adjudication as a sexual predator was clearly erroneous." Id. at ¶ 58-59.
Accordingly, the trial court had before it the identical evidence that this Court previously determined was sufficient to justify a sexual predator determination. This Court, therefore, again finds no error in the trial court's determination that appellant is a sexual predator. Appellant's fifth assignment of error lacks merit.
 ASSIGNMENT OF ERROR VI "THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S DUE PROCESS RIGHTS UNDER THE OHIO CONSTITUTION AND THE FEDERAL CONSTITUTION BY HOLDING THAT THE UNDISCLOSED GRAND JURY TESTIMONY OF THE COMPLAINANT DID NOT HAVE INDEPENDENT CONSTITUTIONAL SIGNIFICANCE WITH REGARD TO SENTENCING AND PUNISHMENT." *Page 11 
 {¶ 20} In his final assignment of error, appellant argues that the trial court erred when it failed to disclose the transcripts of the victim's grand jury testimony. We disagree.
 {¶ 21} This is the third time that appellant has sought to litigate whether he is entitled to view the grand jury transcripts of the victim's testimony. Appellant, however, has asserted that the transcripts have an independent constitutional significance during sentencing. Assuming arguendo that appellant is correct, his argument suffers from the same flaws that it has on both prior occasions.
 {¶ 22} In his argument, appellant has again asserted that Brady v.Maryland (1963), 373 U.S. 83, requires that he be permitted to review the grand jury transcripts. This Court squarely rejected appellant's argument in his first direct appeal.
 "In addition, Defendant asserts that the denial of his requests for the transcripts violated his constitutional rights. Specifically, Defendant asserts that J.T.'s in-trial testimony was so inconsistent that her grand jury testimony must necessarily have impeachment value and therefore constitutes exculpatory evidence which must be disclosed pursuant to Brady v. Maryland (1963), 373 U.S. 83, and United States v. Bagley (1985), 473 U.S. 667. We disagree.
 "At trial, J.T. openly admitted that she had not been honest with each of the officers during the investigation. Further, she explained the rationale behind her dishonesty. There is no indication from the record that her grand jury testimony in any way deviated from the testimony elicited by the State. Further, as noted above, Defendant never properly requested transcripts of J.T.'s grand jury testimony after her in-trial testimony. *Page 12 
 "This Court is not inclined to presume that the State has committed a Brady violation absent some affirmative evidence from the record." Ross I at ¶ 45-47.
 {¶ 23} We reaffirmed our view that appellant's argument lacked merit in his second appeal. See Ross II at ¶ 9. We now do so for a third time. We will not presume that the State has willfully violated the requirements of Brady and the Constitution. Accordingly, the trial court did not err in refusing to release the grand jury transcripts. Appellant's final assignment of error is overruled.
 III. {¶ 24} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). *Page 13 
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
DONNA J. CARR FOR THE COURT
 SLABY, P. J. MOORE, J. CONCUR *Page 1