DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Donald Lee Mullens, appeals his sentence out of the Summit County Court of Common Pleas. This Court affirms, in part, vacates, in part, and remands.
 I. {¶ 2} After a jury trial in October 2004, appellant was found guilty of two counts of illegal manufacturing of drugs in violation of R.C.2925.04(A), felonies of the second degree; three counts of illegal assembly or possession of chemicals for the manufacturing of drugs in violation of R.C. 2925.041, felonies of the third degree; and two counts of aggravated possession of drugs in violation of R.C. *Page 2 2925.11(A), felonies of the fifth degree. The trial court sentenced appellant, and appellant appealed his sentence. This Court affirmed.State v. Mullens, 9th Dist. Nos. 22482 and 22504, 2005-Ohio-4665. The Ohio Supreme Court reversed and remanded the matter to the trial court for resentencing consistent with State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. In re Ohio Criminal Sentencing Statutes Cases,109 Ohio St.3d 313, 2006-Ohio-2109, at ¶ 132.
 {¶ 3} The trial court held a resentencing hearing on June 13, 2006, at which it orally imposed sentence. For some unknown reason, the trial court failed to journalize the sentence out of that hearing.
 {¶ 4} On August 4, 2006, the trial court held another resentencing hearing, at which it orally imposed the following sentence: a four-year mandatory prison term on the two counts of illegal manufacturing of drugs, which sentence was to run consecutively with a three-year mandatory sentence in another case; and a three-year non-mandatory prison term on the counts of illegal assembly or possession of [chemicals for the manufacturing of] drugs, which sentence was to run consecutively with the other sentences imposed. The trial court then stated that appellant's sentence was for a period of ten years in prison, only seven of which were a mandatory sentence. The trial court then imposed a one-year concurrent sentence for the counts of aggravated possession of drugs, which counts had previously been merged into others, but apparently were no longer merged upon resentencing. *Page 3 
 {¶ 5} The trial court journalized appellant's sentence out of this second resentencing hearing on August 10, 2006. In the sentencing journal entry, the trial court ordered that appellant be committed to prison for a mandatory four-year term for the two counts of illegal manufacturing of drugs, a mandatory four-year term for the three counts of illegal assembly or possession of chemicals for the manufacturing of drugs, and a non-mandatory one-year term for the two counts of aggravated possession of drugs. The trial court ordered that the terms would all be served concurrently with each other, but consecutively with the sentence in case number 04 01 0046 (K), in which the trial court had imposed a mandatory three-year sentence. The trial court further ordered that appellant was to serve "a total of Ten (10) years in the Ohio Department of Rehabilitation and Correction, of which Seven (7) years are mandatory."
 {¶ 6} On September 8, 2006, the trial court sua sponte issued a journal entry "filed NUNC PRO TUNC to correct the Journal Entry dated August 4, 2006 and filed August 10, 2006 to read in part as follows: `The Defendant is to serve a mandatory Ten (10) years in the Ohio Department of Rehabilitation and Correction[.]'"
 {¶ 7} Appellant timely appeals his sentence, raising two assignments of error for review.
 II. ASSIGNMENT OF ERROR I *Page 4 "THE TRIAL COURT ERRED BY IMPOSING AN ILLEGAL SENTENCE."
 {¶ 8} Appellant argues that the trial court imposed an illegal sentence because the sentence rested on factors that only a jury could find. In addition, appellant argues that the trial court's sentence in compliance with the remedy in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, violated his due process rights and violated the ex post facto provisions of the Ohio and U.S. Constitutions. This Court disagrees.
 {¶ 9} In support of his argument that the trial court's sentence improperly rested on factors that only a jury could find, appellant relies upon Blakely v. Washington (2004), 542 U.S. 296, and UnitedStates v. Booker (2005), 543 U.S. 220. Based upon this law, appellant argues that the trial court was obligated to impose minimum concurrent sentences because only a jury can make the findings necessary for greater than the minimum and consecutive sentences. This Court determined in State v. Ross that "[t]he trial court did not resentence appellant based upon any additional factual findings not found by a jury, and appellant did not receive greater than the statutory maximum based upon factual findings the jury did make, as prohibited byBlakely." State v. Ross, 9th Dist. No. 23375, 2007-Ohio-1265, at ¶ 6, quoting State v. Houston, 10th Dist. No. 06AP-662, 2007-Ohio-423, at ¶ 5. As in Ross, appellant's claim that the trial court could not impose greater than the minimum and consecutive sentences is without merit. "Simply *Page 5 
stated, following Foster, appellant's current sentence is supported entirely by the jury's finding of guilt." Ross at ¶ 6.
 {¶ 10} Moreover, to the extent that appellant asserts that theFoster remedy is distinguishable from the approach taken inBooker, this Court disagrees. In Booker, the U.S. Supreme Court severed portions of the federal sentencing guidelines which offended theSixth Amendment, causing the guidelines to become advisory rather than mandatory, as appellant implies. Booker, 543 U.S. at 259. As this Court previously stated, "As the U.S. Supreme Court found such a remedy to be constitutional, we find the remedy provided by Foster to similarly be constitutional." Ross at ¶ 7.
 {¶ 11} In support of his argument that the trial court's sentence violated the Due Process and Ex Post Facto clauses of the Ohio and U.S. Constitutions, he relies predominantly on Bouie v. City of Columbia
(1964), 378 U.S. 347. Again this same argument was addressed inRoss, and we reiterate it here.
 {¶ 12} Both the United States and Ohio Constitutions prohibit ex post facto legislation, and similar restrictions have been placed on judicial opinions. See, e.g., Bouie, supra. In Bouie, the United States Supreme Court held that due process prohibits retroactive application of any judicial decision construing a criminal statute that "is unexpected and indefensible by reference to the law which has been expressed prior to the conduct in issue[.]" Id. at 354. While Bouie referenced ex post facto principles, the United States Supreme Court later *Page 6 
explained that Bouie `s "rationale rested on core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." Rogers v.Tennessee (2001), 532 U.S. 451, 459. This principle has also been recognized by the Ohio Supreme Court. See State v. Garner (1995),74 Ohio St.3d 49.
 "[A]n unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law and can thereby violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution * * * even though the constitutional prohibition against ex post facto laws is applicable only to legislative enactments." (Internal citations and quotations omitted.) Id. at 57, quoting Bouie, 378 U.S. at 353; Marks v. United States (1977), 430 U.S. 188, 191-92.
 {¶ 13} In State v. Newman, 9th Dist. No. 23038, 2006-Ohio-4082, this Court rejected the argument that Foster's remedy violates the due process and ex post facto provisions of the Ohio and U.S. Constitutions. In so holding, we noted as follows: "We are obligated to follow the Ohio Supreme Court's directive and we are, therefore, bound byFoster. Furthermore, we are confident that the Supreme Court would not direct us to violate the Constitution." Id. at ¶ 11, citing U.S. v.Wade (C.A.8, 2006), 435 F.3d 829, 832 (holding that the Eighth Circuit is required to follow the directive of the U.S. Supreme Court and presuming that the U.S. Supreme Court would not order a court to violate the Constitution).
 {¶ 14} Moreover, since our decision, every appellate court that has addressed this issue has found that Foster's remedy does not violate the *Page 7 
constitution. See State v. Gibson, 10th Dist. No. 06AP-509,2006-Ohio-6899; State v. Grimes, 4th Dist. No. 04CA17, 2006-Ohio-6360;State v. Durbin, 2d Dist. No. 2005-CA-134, 2006-Ohio-5125; State v.McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162; State v. Paynter, 5th Dist. No. CT2006-0034, 2006-Ohio-5542. We agree with the reasoning espoused in these cases.
 {¶ 15} "Appellant essentially seeks the benefit of a state of law that never existed; he wants `a sentence that comports with theSixth Amendment requirements of Booker [and Foster], but wants to avoid the possibility of a higher sentence under the remedial holdings ofBooker [and Foster].'" (Alterations sic.) Id. at ¶ 28, quotingUnited States v. Jamison (C.A.7, 2005), 416 F.3d 538, 539. However, "because criminal defendants were aware of the potential sentences at the time they committed their crimes, and because the remedial holding of Foster was not unexpected, Foster did not violate due process notions." Gibson at ¶ 16.
 {¶ 16} For the reasons enunciated above, appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT EXCEEDED ITS AUTHORITY AND DENIED [APPELLANT'S] RIGHT TO DUE PROCESS WHEN IT ISSUED A NUNC PRO TUNC ENTRY INCREASING THE PRISON SENTENCE PREVIOUSLY IMPOSED."
 {¶ 17} Appellant argues that the trial court exceeded its authority and denied appellant's right to due process when it issued a nunc pro tunc entry increasing the prison sentence previously imposed. This Court agrees. *Page 8 
 {¶ 18} This Court has explained the proper function of a nunc pro tunc order:
 "A nunc pro tunc order may be issued by a trial court, as an exercise of its inherent power, to make its record speak the truth. It is used to record that which the trial court did, but which has not been recorded. It is an order issued now, which has the same legal force and effect as if it had been issued at an earlier time, when it ought to have been issued. Thus, the office of a nunc pro tunc order is limited to memorializing what the trial court actually did at an earlier point in time. * * * It can be used to supply information which existed but was not recorded, to correct mathematical calculations, and to correct typographical or clerical errors. * * *
 "A nunc pro tunc order cannot be used to supply omitted action, or to indicate what the court might or should have decided, or what the trial court intended to decide. Its proper use is limited to what the trial court actually did decide. * * * That, of course, may include the addition of matters omitted from the record by inadvertence or mistake of action taken. * * * Therefore, a nunc pro tunc order is a vehicle used to correct an order previously issued which fails to reflect the trial court's true action." State v. Stevens (Aug. 2, 1995), 9th Dist. No. 16998, quoting State v. Greulich (1988), 61 Ohio App.3d 22, 24-25.
 {¶ 19} In this case, at the resentencing hearing, the trial court imposed a four-year mandatory sentence in regard to the counts of illegal manufacturing of drugs, with such sentence to run consecutively to the three-year mandatory sentence imposed in case number 04 01 0046 (K). The trial court further imposed a three-year prison term in regard to the counts of illegal assembly or possession of chemicals for the manufacturing of drugs, but the court expressly stated that those three years were non-mandatory time. In conclusion, on the record, the trial court pronounced a ten-year sentence, only seven years of which was mandatory. *Page 9 
In its August 10, 2006 journal entry, the trial court ordered four-year mandatory terms for all the counts of illegal manufacturing of drugs and illegal assembly or possession of chemicals for the manufacturing of drugs; however, the trial court ordered that those terms were to be served concurrently with each other, albeit consecutively with the mandatory three-year term in case number 04 01 0046 (K).[1] While this Court cannot determine how the trial court arrived at a total of a ten-year sentence based on the sentence pronounced in the journal entry, it is clear that the trial court imposed seven years of mandatory time.
 {¶ 20} When the trial court issued its September 8, 2006 nunc pro tunc order "correcting" its August 10, 2006 journal entry to read: "The Defendant is to serve a mandatory Ten (10) years in the Ohio Department of Rehabilitation and Correction[,]" it effectively vacated its previous sentence and imposed a new sentence. The trial court did not merely correct a typographical error or mathematical calculation. The ultimate sentence ordered in conclusion in the August 10, 2006 journal entry mirrored that announced on the record at the August *Page 10 
4, 2006 resentencing hearing. Accordingly, a nunc pro tunc order was not the proper mechanism by which the trial court could modify appellant's sentence.
 {¶ 21} Crim.R. 43(A) requires that a criminal defendant be present for sentencing. "When a sentence pronounced in open court is subsequently modified and the judgment entry reflects the modification, the modification must have been made in the defendant's presence." State v.Hodges (June 22, 2001), 1st Dist. No. C-990516, quoting State v.Carpenter (Oct. 9, 1996), 1st Dist. No. C-950889. The trial court modified appellant's sentence outside the presence of appellant, improperly using a nunc pro tunc order to do so. Appellant's second assignment of error is sustained.
 {¶ 22} For the reasons above, the September 8, 2006 nunc pro tunc order is vacated, and the August 10, 2006 sentencing entry is thereby reinstated. See State v. Mora (Mar. 6, 1991), 9th Dist. No. 2579. Furthermore, the matter is remanded to the trial court to correct its August 10, 2006 sentencing entry to accurately reflect appellant's true sentence imposed at the August 4, 2006 sentencing hearing. In all other respects, the judgment of the trial court is affirmed.
 III. {¶ 23} Appellant's first assignment of error is overruled. Appellant's second assignment of error is sustained. The September 8, 2006 nunc pro tunc order is vacated, the August 10, 2006 sentencing order is reinstated, and the trial court is directed to correct its August 10, 2006 sentencing order to accurately *Page 11 
reflect the true sentence imposed at the August 4, 2006 sentencing hearing. In all other respects the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed, in part, vacated, in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
 DONNA J. CARR *Page 12 
FOR THE COURT
MOORE, J.
DICKINSON, J.
CONCUR
[1] The August 10, 2006 journal entry does not reiterate the length of the sentence in case number 04 01 0046(K). Rather, it merely states that "[t]he sentences imposed in this case are to be served CONCURRENTLY with each other, but CONSECUTIVELY with Case Number 04 01 0046 (K)." While the record does not contain a copy of the sentencing journal entry in case number 04 01 0046 (K), this Court notes that the trial court stated on the record at the August 4, 2006 resentencing hearing that it was imposing a three-year mandatory prison term in that case. *Page 1