DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Donald Mullens, appeals the decision of the Summit County Court of Common Pleas, which sentenced appellant to a total of ten years mandatory imprisonment. This Court reverses.
 I. {¶ 2} Mr. Mullens was indicted by the Summit County Grand Jury on one count of aggravated possession of drugs, a violation of R.C. 2925.11, and one count of illegal manufacture of drugs, a violation of R.C.2925.04, in case number CR 04 01 0046(K). Mr. Mullens withdrew his initial plea of not guilty and entered a plea of guilty to both charges. The trial court accepted Mr. Mullens' *Page 2 
guilty plea and sentenced him to a mandatory term of imprisonment of five years on each count. The court further ordered that the sentences be served concurrently to each other and with case number CR 04 03 0822(C). The court stated: "IT IS FURTHER ORDERED that the Defendant is to serve MANDATORY total of Ten (10) years in the Ohio Department of Rehabilitation and Correction." The trial court also imposed post release control. Mr. Mullens appealed his sentence and this Court affirmed. State v. Mullens, 9th Dist. Nos. 22482 and 22504,2005-Ohio-4665. The Supreme Court of Ohio reversed and remanded the matter to the trial court for resentencing consistent with State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In re Criminal SentencingStatute Cases, 109 Ohio St.3d 313, 2006-Ohio-2109, at ¶ 132.
 {¶ 3} On June 13, 2006, the trial court held a resentencing hearing for Mr. Mullens on case numbers CR 04 01 0046(K) and CR 04 03 0822(C). In case number CR 04 01 0046(K), the trial court reimposed five-year mandatory prison terms for aggravated possession of drugs and illegal manufacture of drugs. The trial court ordered that the sentences be served consecutively. However, the trial court failed to journalize the sentence out of that hearing.
 {¶ 4} On August 4, 2006, the trial court held another resentencing hearing. On August 10, 2006, the trial court journalized appellant's sentence out of the resentencing hearing on August 10, 2006. In the sentencing journal entry, the trial court ordered that appellant be committed to prison for a mandatory three-year *Page 3 
term for the count of aggravated possession of drugs, and a mandatory three-year term for the one count of illegal manufacture of drugs. The trial court ordered that the terms would be served consecutively with each other and consecutively with the sentence in case number CR 04 03 0822(C). The trial court further ordered that appellant was to serve "a total of Ten (10) years in the Ohio Department of Rehabilitation and Correction, of which Seven (7) years are mandatory."
 {¶ 5} Mr. Mullens appealed to this Court. This Court found that the trial court's journal entry dated August 10, 2006, was not a final, appealable order and ordered Mr. Mullens to obtain a final, appealable order and demonstrate that the appeal could proceed as a premature appeal pursuant to App.R. 4(C). The trial court journalized a new sentencing entry on May 4, 2007. The trial court's May 4, 2007 entry states that Mr. Mullens is to serve a total of ten years of mandatory imprisonment. Mr. Mullens appealed from the trial court's May 4, 2007 sentencing entry, setting forth two assignments of error for review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED BY INCREASING APPELLANT'S SENTENCES WITHOUT HOLDING A SENTENCING HEARING AND BY IMPOSING THOSE INCREASED SENTENCES IN ITS JOURNAL ENTRY WHEN IT DID NOT IMPOSE THOSE SENTENCES IN MR. MULLENS' PRESENCE, IN VIOLATION OF CRIM.R. 43(A), AND THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION." *Page 4 
 {¶ 6} In his first assignment of error, Mr. Mullens argues that the trial court erred when it increased his sentence by issuing a journal entry without first imposing the sentence in his presence. This Court agrees.
 {¶ 7} Crim.R. 43(A) requires that a criminal defendant be present for sentencing. "When a sentence pronounced in open court is subsequently modified and the judgment entry reflects the modification, the modification must have been made in the defendant's presence." State v.Hodges (June 22, 2001), 1st Dist. No. C-990516, quoting State v.Carpenter (Oct. 9, 1996), 1st Dist. No. C-950889.
 {¶ 8} In the present matter, the trial court modified Mr. Mullens' sentence by issuing a journal entry dated May 4, 2007, which purported to increase his sentence. The court did not hold a hearing before issuing the modified sentence. Therefore, the trial court sentenced Mr. Mullens outside his presence. The State is in agreement that the trial court modified Mr. Mullens' sentence outside his presence. Mr. Mullens' first assignment of error is sustained.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED BY IMPOSING AN ILLEGAL SENTENCE."
 {¶ 9} In his second assignment of error, Mr. Mullens contends that the trial court imposed an illegal sentence because the sentence rested on factors that only a jury could find. Mr. Mullens also argues that the trial court's sentence in compliance with the remedy in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, *Page 5 
violated his due process rights and violated the ex post facto provisions of the Ohio and U.S. Constitutions.
 {¶ 10} This Court's resolution of Mr. Mullens' first assignment of error renders this assignment of error moot. Therefore, we decline to address it. App.R. 12(A)(1)(c).
 III. {¶ 11} Mr. Mullens' first assignment of error is sustained. His second assignment of error has been rendered moot. The decision of the Summit County Court of Common Pleas is reversed, and the cause remanded for proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). *Page 6 
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
 WHITMORE, P. J. DICKINSON, J. CONCUR *Page 1