DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant, Michael Bonner, appeals from his sentence in the Summit County Court of Common Pleas. We affirm.
 {¶ 2} On April 7, 2005, Defendant was convicted of possession of cocaine in violation of R.C. 2925.11(A), a felony of the first degree. The trial court sentenced Defendant to seven years incarceration for his conviction. Defendant appealed his conviction and sentence to this Court. We affirmed Defendant's conviction and sentence. See State v.Bonner, 9th Dist. No. 22676, 2006-Ohio-516. On appeal to the Ohio Supreme Court, Defendant's sentence was reversed and the cause was remanded for resentencing. See In re Ohio Criminal Sentencing *Page 2 Statutes Cases, 110 Ohio St.3d 156, 2006-Ohio-4086. On remand, Defendant was again sentenced to seven years in prison. Defendant timely appealed from his resentencing, raising one assignment of error for review.
 ASSIGNMENT OF ERROR
"The trial court imposed an unconstutional (sic) sentence."
 {¶ 3} In his sole assignment of error, Defendant asserts that his sentence is unconstitutional. Specifically, Defendant argues that the remedy chosen by the Ohio Supreme Court in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, violates the due process and the ex post facto provisions of the U.S. and Ohio Constitutions. We disagree.
 {¶ 4} This Court has repeatedly held that Foster's remedy does not violate the Constitution. See State v. Ross, 9th Dist. No. 23375,2007-Ohio-1265; State v. Newman, 9th Dist. No. 23038, 2006-Ohio-4082;State v. Mullens, 9th Dist. No. 23395, 2007-Ohio-2893. For ease of review, we reiterate the analysis contained in those decisions herein.
 {¶ 5} In support of his argument that the trial court's sentence improperly rested on factors that only a jury could find, Defendant relies on Blakely v. Washington (2004), 542 U.S. 296, and United Statesv. Booker (2005), 543 U.S. 220. Based upon this law, Defendant argues that the trial court was obligated to impose minimum concurrent sentences because only a jury can make the findings necessary for greater than the minimum and consecutive sentences. This Court *Page 3 
determined in Ross that "[t]he trial court did not resentence appellant based upon any additional factual findings not found by a jury, and appellant did not receive greater than the statutory maximum based upon factual findings the jury did make, as prohibited by Blakely ."Ross at ¶ 6, quoting State v. Houston, 10th Dist. No. 06AP-662,2007-Ohio-423, at ¶ 5. As in Ross, Defendant's claim that the trial court could not impose greater than the minimum and consecutive sentences is without merit. "Simply stated, following Foster, appellant's current sentence is supported entirely by the jury's finding of guilt." Ross at ¶ 6.
 {¶ 6} Moreover, to the extent that Defendant asserts that theFoster remedy is distinguishable from the approach taken inBooker, this Court disagrees. In Booker, the U.S. Supreme Court severed portions of the federal sentencing guidelines which offended theSixth Amendment, causing the guidelines to become advisory rather than mandatory. Booker, 543 U.S. at 259. As this Court previously stated, "[a]s the U.S. Supreme Court found such a remedy to be constitutional, we find the remedy provided by Foster to similarly be constitutional."Ross at ¶ 7.
 {¶ 7} In support of his argument that the trial court's sentence violated the Due Process and Ex Post Facto clauses of the Ohio and U.S. Constitutions, Defendant relies predominantly on Bouie v. City ofColumbia (1964), 378 U.S. 347. This same argument was addressed and rejected by this Court in Newman. *Page 4 
 {¶ 8} Both the United States and Ohio Constitutions prohibit ex post facto legislation, and similar restrictions have been placed on judicial opinions. See, e.g., Bouie, supra. In Bouie, the United States Supreme Court held that due process prohibits retroactive application of any judicial decision construing a criminal statute that "is `unexpected and indefensible by reference to the law which has been expressed prior to the conduct in issue[.]'" Id. at 354, quoting Hall, Gen. Principles of Crim. Law (2d ed. 1960) at 61. While Bouie referenced ex post facto principles, the United States Supreme Court later explained thatBouie's "rationale rested on core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." Rogers v. Tennessee
(2001), 532 U.S. 451, 459. This principle has also been recognized by the Ohio Supreme Court. See State v. Garner (1995), 74 Ohio St.3d 49.
 "[A]n unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law and can thereby violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution * * * even though the constitutional prohibition against ex post facto laws is applicable only to legislative enactments." (Internal citations and quotations omitted.) Id. at 57, quoting Bouie, 378 U.S. at 353; Marks v. United States (1977), 430 U.S. 188, 191-92.
 {¶ 9} In Newman, this Court rejected the argument thatFoster's remedy violates the due process and ex post facto provisions of the Ohio and U.S. Constitutions. In so holding, we noted as follows: "We are obligated to follow the *Page 5 
Ohio Supreme Court's directive and we are, therefore, bound byFoster. Furthermore, we are confident that the Supreme Court would not direct us to violate the Constitution." Newman at ¶ 11, citing U.S. v.Wade (C.A.8, 2006), 435 F.3d 829, 832 (holding that the Eighth Circuit is required to follow the directive of the U.S. Supreme Court and presuming that the U.S. Supreme Court would not order a court to violate the Constitution).
 {¶ 10} Since our decision, every appellate court that has addressed this issue has found that Foster's remedy does not violate the constitutional rights of defendants. See State v. Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v. Grimes, 4th Dist. No. 04CA17,2006-Ohio-6360; State v. Durbin, 2d Dist. No. 2005-CA-134,2006-Ohio-5125; State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162;State v. Paynter, 5th Dist. No. CT2006-0034, 2006-Ohio-5542. We agree with the reasoning espoused in these cases.
 {¶ 11} "Appellant essentially seeks the benefit of a state of law that never existed; he wants `a sentence that comports with theSixth Amendment requirements of Booker [and Foster], but wants to avoid the possibility of a higher sentence under the remedial holdings ofBooker [and Foster]. `" (Alterations sic.) Paynter at ¶ 28, quotingUnited States v. Jamison (C.A.7, 2005), 416 F.3d 538, 539. However, "because criminal defendants were aware of the potential sentences at the time they committed their crimes, and because the remedial *Page 6 
holding of Foster was not unexpected, Foster did not violate due process notions." Gibson at ¶ 16.
 {¶ 12} Based upon the above, Defendant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 7 
Costs taxed to Appellant.
 CARR, J. DICKINSON, J. CONCUR *Page 1