DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Mary Rowles ("Rowles"), appeals the judgment of the Summit County Court of Common Pleas, which re-sentenced Rowles to an identical thirty (30) year sentence after the case was remanded for sentencing consistent with State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. This Court affirms.
 I. {¶ 2} On January 13, 2004, having pleaded guilty to thirty (30) separate counts, Rowles was sentenced to a total of thirty (30) years in prison. Rowles was sentenced to 5 years for each of the 5 counts of kidnapping, to run consecutively; to five years for each of the five counts of felonious assault, to run concurrently with each other, but consecutively with the five counts of kidnapping; and to five years for each of the ten counts of child endangering, a six month term for endangering children, eighteen months for each count of corrupting another with drugs, and five years for each of the 5 counts of permitting child abuse. The sentences for endangering *Page 2 
children, corrupting another with drugs, and permitting child abuse charges were all to be served concurrently with each other and with the counts of felonious assault.
 {¶ 3} On March 8, 2004, Rowles filed a notice of appeal, and on January 5, 2005, this Court affirmed the judgment of the trial court. On February 28, 2005, Rowles filed a notice of appeal with the Supreme Court of Ohio. On May 22, 2006, the Supreme Court of Ohio, by judgment entry, reversed and remanded the cause to the trial court for resentencing consistent with Foster. Upon remand, Rowles was resentenced to the terms imposed by the original sentence. Rowles timely appeals.
 II. ASSIGNMENT OF ERROR I "APPLICATION OF THE FOSTER REMEDIES TO APPELLANT WHO COMMITTED HER OFFENSE(S) PRIOR TO THE ANNOUNCEMENT OF FOSTER VIOLATES APPELLANT'S RIGHT TO TRIAL BY JURY."
 {¶ 4} Rowles argues that her right to a trial by jury was violated by the trial court's sentence. This Court disagrees.
 {¶ 5} It should first be noted that Rowles raised the constitutional issues herein in the trial court so as to preserve them on appeal. SeeState v. McClanahan, 9th Dist. No. 23380, 2007-Ohio-1821, at ¶ 6. Rowles argues on appeal that she objected to the retroactive application of theFoster remedies, but that "the trial court imposed maximum and consecutive sentences on the aggravated robbery, aggravated burglary and grand theft convictions." Although these are obviously not the charges to which Rowles pleaded guilty and for which she was sentenced, a review of the record reveals that Rowles did raise the constitutional issues she now argues on appeal through a sentencing memorandum she filed in the trial court. *Page 3 
 {¶ 6} Rowles asserts that the "retroactive application ofFoster is incompatible with the controlling precedent of the United States Supreme Court. The decision of the Court of Common Pleas must be reversed, and this case must be remanded with instructions to enter minimum and concurrent terms of incarceration."
 {¶ 7} However, this court has found in numerous cases that "[w]e are obligated to follow the Ohio Supreme Court's directive and we are, therefore, bound by Foster. Futhermore, we are confident that the Supreme Court would not direct us to violate the Constitution."McClanahan at ¶ 7, quoting State v. Newman, 9th Dist. No. 23038,2006-Ohio-4082, at ¶ 11. Furthermore, this Court has found that "`when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.'" State v.Kewer, 9th Dist. No. 07CA009128, 2007-Ohio-7047, at ¶ 32, quotingU.S. v. Booker (2005), 543 U.S. 220, 233.
 {¶ 8} In addition, Rowles argues that "[t]he Supreme Court of Ohio may not cure an unconstitutional sentence by simply eliminating theSixth Amendment statutory maximum[,]" because "severing an unconstitutional sentencing enhancement * * * retroactively extends the range of criminal conduct to which a criminal penalty can attach." However, this Court has found no merit to arguments that "assert[] that the Foster remedy of severance is unconstitutional[,]" because such an approach "was taken by the United States Supreme Court in Booker" State v. Ross, 9th Dist. No. 23375, 2007-Ohio-1265, at ¶ 7. Accordingly, Rowles' first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE FOSTER REMEDIES CONSTITUTES [sic] JUDICIAL LEGISLATION AND APPLICATION OF THE FOSTER REMEDIES TO APPELLANT WHO COMMITTED HER OFFENSE(S) PRIOR TO THE ANNOUNCEMENT OF *Page 4 
FOSTER IS VIOLATIVE OF THE EX POST FACTO CLAUSE OF THE FEDERAL CONSTITUTION[.]" ASSIGNMENT OF ERROR III "APPLICATION OF THE FOSTER REMEDIES TO APPELLANT WHO COMMITTED HER OFFENSE(S) PRIOR TO THE ANNOUNCEMENT OF FOSTER IS VIOLATIVE OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE FEDERAL CONSTITUTION UNDER ROGERS V. TENNESSEE (2001), 532 U.S. 451."
 {¶ 9} Rowles argues that the application of the remedies set forth inFoster violate the constitutional prohibition of ex post facto laws, and the due process clause of the Fourteenth Amendment to the United States Constitution. This Court disagrees.
 {¶ 10} As recognized in Ross at ¶ 10, this Court has "rejected the argument that Foster's remedy violates the due process and ex post facto provisions of the Ohio and U.S. Constitutions." Id., citingNewman, supra. In coming to this conclusion, this Court noted, as provided above, that we are obligated to follow the directives of the Supreme Court of Ohio, and that we are confident the Supreme Court would not lead us to violate the Constitution. Ross at ¶ 10. Accordingly, Rowles' second and third assignments of error are overruled.
 ASSIGNMENT OF ERROR IV "A COMMON PLEAS COURT LACKS JURISDICTION TO IMPOSE CONSECUTIVE SENTENCES FOR THE COMMISSION OF MULTIPLE FELONIES."
 {¶ 11} Rowles argues that the trial court erred in sentencing her because it did not have the authority to subject her to consecutive sentences for her commission of multiple felonies. This Court disagrees.
 {¶ 12} Rowles argues that "[n]either the Ohio Constitution or [sic] any statute authorizes a common pleas judge to impose consecutive sentences for multiple felonies." However, Rowles *Page 5 
cites no authority in support of her assertion. Rowles points to Section 4(B), Article IV of the Ohio Constitution to fortify her position that the Ohio Constitution makes no specific mention of the ability to impose consecutive sentences. Similarly, Rowles cites Foster to show that the part of R.C. 2929.14 that allowed for the imposition of consecutive sentences had been severed. However, Rowles misconstrues the holding inFoster dealing with the severance of R.C. 2929.14(E)(4).
 {¶ 13} In Foster, the court did, as Rowles asserts, sever R.C. 2929.14(E)(4) and R.C. 2929.41(A); however, the Supreme Court clarified the severance in providing that "[t]he excised portions remove only the presumptive and judicial findings that relate to `upward departures,' that is, the findings necessary to increase the potential prison penalty." Id. at ¶ 98. Furthermore, the Supreme Court, in reference to R.C. 2929.14(E)(4) and R.C. 2929.41(A), held: "After the severance, judicial fact-finding is not required before imposition of consecutive prison terms." Id. at paragraph four of the syllabus. Therefore, the trial court's ability to impose consecutive prison terms was not severed, but only the judicial fact-finding prerequisite. In addition, this Court has recognized the authority of trial courts to impose consecutive sentences for multiple felonies post-Foster. See State v.Roper, 9th Dist. No. 23454, 2008-Ohio-1053, at ¶ 9; State v. Hultz, 9th Dist. No. 07CA0043, 2008-Ohio-4153, at ¶ 15. Therefore, the trial court did possess the authority to sentence Rowles to consecutive sentences for the multiple felonies to which she pleaded guilty. Accordingly, Rowles' fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR V "THE RULE OF LENITY CODIFIED IN R.C.[]2901.04(A) REQUIRES THE IMPOSITION OF MINIMUM AND CONCURRENT SENTENCES FOR THOSE PERSONS WHO COMMITTED THEIR OFFENSES PRIOR TO THE ANNOUNCEMENT OF THE OPINION IN STATE V. FOSTER (2006), 109 OHIO ST. 3D 1, 2006-OHIO-856." *Page 6 
 {¶ 14} Rowles argues that the trial court's failure to impose minimum, concurrent sentences was a violation of the rule of lenity. This Court disagrees.
 {¶ 15} The rule of lenity is a rule of statutory construction and is found in R.C. 2901.04(A). McClanahan at ¶ 11. The rule provides that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." R.C. 2901.04(A). "The rule of lenity applies only when there is a conflict between criminal statutes or when a statute is ambiguous." State v. Kelley, 9th Dist. No. 06CA008967, 2008-Ohio-1458, at ¶ 73, citing Ross at ¶ 14. Furthermore, this Court has found that there is no ambiguity in the sentencing statutes post-Foster.McClanahan at ¶ 11. Therefore, because there is no ambiguity in the statute under which Rowles was sentenced, the rule of lenity does not apply to the case before this Court. Accordingly, Rowles' fifth assignment of error is overruled.
 III. {¶ 16} Rowles' five assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 7 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
SLABY, J. WHITMORE, J. CONCUR